150 So.2d 721 (1963)
In re ADVISORY OPINION TO THE GOVERNOR.
Supreme Court of Florida.
January 31, 1963.
PER CURIAM.
 SUPREME COURT OF FLORIDA
 Tallahassee
 January 30, 1963
Honorable Farris Bryant
Governor of Florida
The Capitol
Tallahassee, Florida.
Dear Governor:
We have the honor to acknowledge your communication of January 29, 1963, requesting our advice pursuant to Article IV, Section 13, Florida Constitution, F.S.A., regarding certain executive powers and duties under the Constitution.
Omitting the formal parts, your letter reads as follows:
"In March of 1962, two cases, styled Sobel vs. Adams and Swann vs. Adams, were filed in the District Court of the United States in and for the Southern District of Florida. These suits were designed to question the constitutionality of the Florida constitutional and statutory provisions relating to apportionment. The District Court, on July 23, 1962, entered an Interlocutory Judgment declaring the existing constitutional *722 and statutory provisions of the Florida Constitution, relating to the apportionment and reapportionment for the nomination and election of the Senate and House of Representatives of the Florida Legislature, to be invidiously discriminatory and repugnant to the equal protection clause of the Federal Constitution and, therefore, prospectively null, void and inoperative. There is attached hereto the complete text of the above-mentioned Order and the Opinion[1] rendered pursuant thereto.
"An extra session of the Florida Legislature was convened an August 1, 1962, pursuant to my Executive Order calling the Legislature into session for the sole and exclusive purpose of considering reapportionment. After ten days of deliberation, the Legislature passed House Joint Resolution No. 30-X providing for 135 House members and 46 Senators. On September 5, 1962, the District Court entered its Order and Opinion[2] wherein it was stated that this reapportionment proposal satisfied the requirements of the Equal Protection clause of the Federal Constitution. There is attached hereto the complete text of the above-mentioned Order and Opinion rendered pursuant thereto.
"This proposed constitutional amendment was placed on the ballot for the General Election on November 6, 1962, at which time the amendment failed of adoption by a vote of 373,259 to 306,442. Subsequent to the General Election, the Legislature was again called into extra session on November 9, 1962, and labored until November 28, 1962, at which time the extra session terminated by operation of law without effecting a solution to the apportionment problem.
"The responsibility for apportionment of the membership of the Florida Legislature is delegated to that body by the Florida Constitution. In an effort to preserve to the elected representatives of the people of Florida this decision-making power, I entered my Executive Order of January 23, 1963, again calling into extra session the Florida Legislature for the sole and exclusive purpose of considering reapportionment.
"The Florida Senate, on January 29, 1963, passed Senate Bill No. 1-X(63) providing for the reapportionment of the Senate by statutory means in conflict with Article VII of the Florida Constitution, which action ripened the doubts created by the Federal Court's action.
"In view of the Federal Court's decision and the resulting doubt cast on the composition of the Florida Legislature, it is felt that unless a proper legal course is followed by me as Chief Executive and by the Legislature, there is a distinct possibility that Florida will be without a legally constituted Legislature for the ensuing regular session. The State, therefore, is facing a serious crisis in that it may be without legal methods to provide the necessary governmental services to the people of Florida.
"Article VII, Section 3, Constitution of Florida, among other things, provides: `* * * In the event the Legislature shall fail to reapportion the representation in the Legislature as required by this amendment, the Governor shall (within thirty days after the adjournment of the regular session), call the Legislature together in extraordinary session to consider the question of reapportionment and such extraordinary session of the Legislature is hereby mandatorily required to reapportion the representation as required by this Amendment before its adjournment (and such extraordinary session so called for reapportionment shall not be limited to expire at the end of twenty *723 days or at all, until reapportionment is effected, and shall consider no business other than such reapportionment).'
"Article IV, Section 6, of the Florida Constitution imposes upon me, as Chief Executive, the responsibility to `take care that the laws be faithfully executed.' Upon assuming my official duties as Governor, pursuant to the requirements of Article XVI, Section 2, of the Florida Constitution, I solemnly swore to uphold the Constitutions of the United States of America and of the State of Florida. As a result of the above-mentioned action of the District Court and the divergency of views as to the legal effect of such action, I am in grave doubt as to the proper exercise of my executive powers and duties in the handling of affairs of state, including my obligation to see that the laws are faithfully enforced and the exercise of my power of executive veto; and the holding of the Legislature in continuous session by recurring calls.
"In light of the foregoing responsibilities imposed upon me by the Constitution of the State of Florida and in view of the critical conditions existing by reason of the Federal District Court decision, from which an appeal has not been taken, I have the honor to request your advisory opinion pursuant to the authority vested in me by Article IV, Section 13, of the Florida Constitution on the following question, affecting my executive powers and duties:
"Do I have the power and is it my duty to call recurring sessions of the Florida Legislature until reapportionment is accomplished under Article VII, Constitution of Florida?"
Implicit in your inquiry is your justifiable executive concern regarding your duties under the Florida Constitution as affected by the Constitution of the United States and the interlocutory decrees of the United States District Court in Sobel v. Adams and Swann v. Adams.
We understand that you are seeking advice as to your executive responsibilities under Article IV, Section 6, Florida Constitution, which directs that "[t]he Governor shall take care that the laws be faithfully executed," and under Section 3, Article VII, Florida Constitution, relating to the calling of extraordinary reapportionment sessions of the Legislature. In view of the decisions of the United States District Court in the cases mentioned, you have considered it to be your duty to call the Legislature into extra session pursuant to Article IV, Section 8, Florida Constitution, and to Section 3, Article VII, Florida Constitution, and have done so. By the decrees above mentioned, the United States Court has imposed upon the State of Florida the obligation to reapportion the Legislature "in compliance with the requirement of the United States Constitution," which the Federal Court held prohibits State action denying equal protection of the laws under the Constitution of the United States. That Court decreed that the obligation of the State was of such urgency that it should be performed with dispatch. We have concluded that, in view of the pronounced urgency, that you, the Chief Executive, are justified in seeking advice regarding the executive powers and duties set forth in your question hereinabove presented.
We take note that the aforementioned Federal Court, with reference to the provisions of the Florida Constitution relating to reapportionment said:
"The Court concludes and hereby determines that the existing constitutional and statutory provisions relating to the apportionment and reapportionment for the nomination and election of the Senate and the House of Representatives of the Florida Legislature are invidiously discriminatory against the plaintiffs and others similarly situated, and deny to them equal protection of the law as guaranteed by the Constitution *724 of the United States. Said provisions are hereby found and declared to be prospectively null, void and inoperative." (Emphasis supplied.)
The opinion of the Federal Court, on which the above judgment rests, said, among other things:
"If, at the end of that period, the Florida Legislature has been convened in special session for effectuating, by legislation or by amendment to the Florida Constitution, or both; or if at that time some other state action has been undertaken, an application for a further continuance would be looked upon with favor. Otherwise the Court will then proceed to fashion a remedy of reapportionment by judicial decree in such manner as may seem to the Court best adapted to meet the requirements of equal protection." (Emphasis supplied.)
It therefore appears that the controlling question giving you concern is whether or not the judgment of the aforementioned Federal Court dated July 23, 1962, has eliminated from the Constitution of Florida the State organic limitation on the House and Senate. We think the language is clear and unequivocal wherein the Federal Court said, "Said provisions are hereby found and declared to be prospectively null, void and inoperative." The only doubt might rest with whether or not the Court had jurisdiction to so order. Without conceding the right, we must concede the power, of the Federal judicial system to enforce its judgment in this cause. The jurisdiction is settled in view of the pronouncement of the Supreme Court of the United States in Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663. And so it is that the decision of the Federal Court, supra, in this cause has eliminated the limitations provided in the Florida Constitution on the size of the House and Senate, and you have the power to continue to call recurring extra sessions under Section 8, Article IV, Florida Constitution, until such time as a reapportionment bill is enacted by the Legislature in conformity with the Fourteenth Amendment of the Constitution of the United States, notwithstanding the aforesaid limitations as they were prior to the decision of the Federal Court, supra, on July 23, 1962, and which have been by virtue of that decree invalidated.
Respectfully submitted,
 B.K. ROBERTS,
 Chief Justice
 GLENN TERRELL,
 ELWYN THOMAS,
 E. HARRIS DREW,
 STEPHEN C. O'CONNELL,
 MILLARD F. CALDWELL,
 Justices
NOTES
[1] See 208 F. Supp. 316.
[2] See 208 F. Supp. 319.