*2 ON MOTION FOR APPOINTMENT OF COUNSEL
SPECTOR, Judge.
On October 24, 1969, appellant in this appeal filed a letter with this court which we treated as a motion to appoint counsel. By order dated October 31, 1969, that motion was denied.
On November 10, 1969, appellant filed an instrument entitled “Petition to Show Cause” by which he reasserts his prayer for the appointment of counsel, contending that he is entitled thereto under the constitution. In Douglas v. People of the State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), it was held that an indigent person is entitled to court appointed counsel, and the court stated, “Where the merits of the one and only appeal an indigent has as of right are decided without benefit of counsel, we think an unconstitutional line has been drawn between rich and poor.”
The Florida Supreme Court has construed the holding in the Douglas case, supra, to be applicable as of right only on a direct appeal from a judgment of conviction and sentence entered thereon in State v. Weeks, 166 So.2d 892 (Fla.1964). In Weeks, a distinction was made between direct appeals and collateral or post-conviction proceedings, such as the one at hand; and the court ruled that in the latter class of cases counsel would be required, and therefore appointed, only where the circumstances of a particular case are such that assistance of counsel is deemed essential by the court to accomplish a fair and thorough presentation of the prisoner’s claims. The rule stated in Weeks, supra, was recently adhered to by our highest court in State v. Herzig, 208 So.2d 619 (1968).
Earlier we denied appellant’s motion for counsel without an opinion stating the reason for such denial. We now, on rehearing, again deny the request for the reason stated since this is a collateral proceeding. As this case progresses, should it appear that there are issues which suggest that appointed counsel is necessary to present appellant’s case, the court can then consider whether appointment of counsel is warranted in light of the guidelines set forth in the Weeks case. Presently, there is no such showing.
Until such necessity becomes apparent, we are reluctant to dissipate the limited public resources available for the assistance of indigent persons.
CARROLL, DONALD K., Acting C. J., and WIGGINTON, J., concur.