KARL, Justice.
We have for consideration a certified question from the Circuit Court, Juvenile-Family Division, of the Eleventh Judicial Circuit, relating to the authority of the public defender to represent indigent juve *710 niles in proceedings under Section 39.01(11), Florida Statutes. It appears that the question presented herein is determinative of this cause and that it is without controlling precedent in this state. We have jurisdiction to answer the certified question. Florida Appellate Rules, Rule 4.6, 32 F.S.A., Jaworski v. City of Opa-Locka, 149 So.2d 33 (Fla.1963); Boyer v. City of Orlando, 232 So.2d 169 (Fla.1970).
The circuit judge appointed the public defender for the Eleventh Judicial Circuit in and for Dade County to represent C. F., a juvenile, in proceedings based on a petition entitled “First Ungovernable Petition.” The public defender objected and maintained that Section 27.51, Florida Statutes, authorizes the public defenders of Florida to represent only indigent children alleged to be delinquent and not those alleged to be ungovernable. The court certified the following question of law:
“WHETHER THE PUBLIC DEFENDER IS AUTHORIZED BY THE FLORIDA STATUTES TO REPRESENT INDIGENT JUVENILES AGAINST WHOM A FIRST UNGOVERNABLE PETITION HAS BEEN FILED.”
This court, in In the Interest of Hutchins, a child, 345 So.2d 703 (1977), filed March 24, 1977, held Section 39.01(11), Florida Statutes, to be constitutional. Determining that the first hearing on ungovernability may be a critical first step in the procedure leading to delinquency, we said:
“The first hearing on ungovernability is not necessarily a first step in the adjudication of delinquency. The hearing and the resulting care, custody or supervision by the Division of Family Services may correct any existing problems the child may have and be the last of the child’s experiences with the juvenile authorities. In such cases, the constitutional right to counsel is not mandatory. Potvin v. Keller, supra; Cleaver v. Wilcox, 499 F.2d 940 (9th Cir. 1974).
“If, however, the first ungovernability adjudication is to be used in a subsequent proceeding in which the child’s status may change from dependency to delinquency because of two or more adjudications of ungovernability, the first such adjudicatory hearing is a critical first step in the delinquency determination and the child is entitled to all due process rights at each step in the procedure.

“We conclude that it is constitutionally impermissible to base an adjudication of ungovernability for the second time on a previously conducted hearing in which the child was not instructed as to his right to counsel or provided counsel if an indigent.”
Section 27.51, Florida Statutes, specifies the conditions under which the public defender shall undertake the representation of a juvenile alleged to be a delinquent child. Whether the proceedings are conducted in a county having a population in excess of 390,000 or in any other county, the court may, if the statutory conditions are fulfilled, appoint the public defender to represent the child in delinquency proceedings. It follows, therefore, that, if the first ungovernable petition is filed in contemplation of it being the first step in delinquency proceedings, the court must instruct the child as to his right to counsel or provide counsel if the child is indigent, and in such case, the public defender may represent the child as in other delinquency proceedings.
Accordingly, the certified question is answered in the affirmative.
OVERTON, C. J., and ADKINS and BOYD, JJ., concur.
ENGLAND, SUNDBERG and HATCH-ETT, JJ., dissent.