BERANEK, Judge.
The Office of the Public Defender in Orange County, Florida, seeks a writ of prohibition directed to a Circuit Judge sitting in the Juvenile Division of the Circuit Court. The respondent is Circuit Judge Joseph P. Baker, who is represented by the Legal Aid Society of Orange County. This Circuit Judge appointed the Public Defender’s Office to represent a juvenile in a dependency matter brought under Part III, Dependency Cases, of the 1978 Florida Juvenile Justice Act.[1] The trial judge denied a motion by the Public Defender to withdraw from the representation of this juvenile.
Neither the State of Florida nor the alleged dependent child, nor her parents are parties to this prohibition proceeding.
The dependency petition states as follows:
Your Petitioner, Minnie Lee Grimmage, whose address is 256 W. 15th St., Apopka, Florida, respectfully represents under oath that said child at the age 14 years is a (sic) alleged dependent/ungovernable child within the intent and meaning of Florida Statutes, in that, to-wit:
Persistently disobeys the reasonable and lawful demands of his (sicfparents or other legal custodians and is beyond their control.
Your petitioner, mother of said child, entered Orange Memorial Hospital on July 28, 1978, for surgery after placing said child in the care of my sister, Geraldine Grimmage, Box 1757, South Park Ave., Apopka, Florida. Said child ran from Geraldine Grimmage on July 30, 1978. Various relatives reported that said child was seen in vicinity of several Apopka bars with older and undesirable companions and allegedly has consumed drugs and/or alcohol. Relatives’ at-
tempts to return said child to the care of Geraldine Grimmage failed. Your petitioner reported said child as missing to the Orange County Sheriff’s Department on July 31, 1978. Orange County Sheriff’s Department apprehended said child on August 2, 1978, and transported her to DuRocher House. Said child was returned to your petitioner on August 4, 1978, and agreed to obey your petitioner. On Sunday, August 6, 1978, said child departed for an unknown destination and has not returned. Allegedly, said child has been seen twice on Monday, August 7, 1978, in the Big C Bar, S. Central Avenue, Apopka, Florida, in the company of an unknown man and one Stephanie Toney, age 17 years. In the past, said child has often run away in order to run the streets at will with companions your petitioner deems are an undesirable influence on said child. Said child rarely attended school this last school year despite the inducements of your petitioner, Mrs. Louisa Damon, Attendance Assistant of Orange County Schools and Mrs. Mary Montgomery of Health & Rehabilitative Services. Said child refuses to obey your petitioner’s reasonable demands and is completely out of control and her present exact whereabouts are unknown.
Your petitioner respectfully requests that following a hearing on the evidence, said child be adjudicated and be dealt with according to law.
This charge is within the definitions contained in Section 39.01(9) of the 1978 Florida Juvenile Justice Act. The charge of dependency covers some acts which were formerly characterized as “ungovernable” under previous versions of Chapter 39, Florida Statutes. As of October 1, 1978, the 1978 Florida Juvenile Justice Act became effective. Prior thereto Section 39.01(9) provided that for the second and subsequent adjudications of ungovernability the child could be defined and treated as a delinquent. This statutory provision no longer exists. It was specifically deleted *686 from the 1978 revision which also completely did away with the use of the word, “ungovernable.”
Two Florida Supreme Court decisions must be considered in answering the question posed here which is simply whether the Public Defender’s Office has a statutory duty to represent juveniles charged as being dependent under the 1978 version of Section 39.01(9). These decisions are: In Interest of Hutchins, 345 So.2d 703 (Fla.1977), and In Interest of C. F., 345 So.2d 709 (Fla.1977). Both of these cases dealt with the question of whether the Public Defender’s Office could permissibly represent juveniles charged as ungovernable under the pre-1978 juvenile statutes. In the Hutchins case, the Florida Supreme Court construed In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), and held that the first hearing on ungovernability was not necessarily a first step in the adjudication of delinquency. In so holding, the Court specifically stated that in such cases the constitutional right to counsel was not mandatory. Notwithstanding this ruling, the Court considered the practical effect of the pre-1978 statute which provided for a determination of delinquency based on a second conviction of ungovernability. The Court thus reasoned that a first petition for ungo-vernability might well be the first step in the eventual adjudication of delinquency and that in such cases the juvenile had the right to counsel and that the State had a duty to provide counsel to indigent juveniles.
The pre-1978 law defined juveniles generally in the three classes of dependent, ungovernable and delinquent. The first ungovernable determination resulted in treatment as a dependent and the second ungovernable determination resulted in treatment as a delinquent.
The 1978 revision of the juvenile law specifically deleted any possible determination of delinquency based on two or more adjudications of ungovernability or of dependency. Thus, under the applicable statute, a dependency petition cannot form the basis for a later delinquency determination and a dependency hearing is not a critical first step in the delinquency determination.”
In considering the certified question in the case of In Interest of C. F., 345 So.2d 709, at 710 (Fla.1977), the Court stated:
Section 27.51, Florida Statutes, specifies the conditions under which the public defender shall undertake the representation of a juvenile alleged to be a delinquent child. ... It follows, therefore, that if the first ungovernable petition is filed in contemplation of it being the first step in delinquency proceedings, the court must instruct the child as to his right to counsel or provide counsel if the child is indigent, and in such case, the public defender may represent the child as in other delinquency proceedings.
It seems clear that this statutory duty of the Public Defender to represent the child was based solely upon the delinquency aspect of the first ungovernable petition. Section 27.51 Fla.Stat. (1977) defining the duties of Public Defender remains in effect. There is nothing in this statute giving the Public Defender the duty to represent a child alleged to be dependent. There is nothing in Chapter 39 or in Chapter 27 giving the Circuit Court the power to appoint the Public Defender in such cases. We hasten to point out that this decision deals solely, with the Public Defender’s statutory duty to represent. We are not here faced with the question of the constitutional right of counsel of either the child or the parents.
The petition for writ of prohibition is granted. The order appointing the Public Defender is vacated. The matter is remanded to the trial court with directions to grant the motion to withdraw filed by the Public Defender.
PROHIBITION GRANTED.
DOWNEY, C. J., concurs.
CROSS, J., dissents without opinion.

. § 39.40-39.414 Fla.Stat. (Supp.1978).