394 So.2d 176 (1981)
Bob GRAHAM, Individually and in His Official Capacity As Governor of the State of Florida; Louie L. Wainwright, Individually and in His Official Capacity As Secretary of the State of Florida Department of Corrections; and Clayton G. Strickland, Individually and in His Official Capacity As Superintendent of the Florida State Prison, Appellants,
v.
James VANN, Larry Anderson, Harry Mungin, Charles Green, Willie Middleton, James Sparks, William Hill, Phillip Elliott, and Floyd Price, Appellees.
No. WW-132.
District Court of Appeal of Florida, First District.
February 13, 1981.
Jim Smith, Atty. Gen., Kent A. Zaiser, Asst. Atty. Gen., Tallahassee, for appellants.
Jack J. Fine, Asst. Public Defender, Gainesville, for appellees.
PER CURIAM.
This is an interlocutory appeal from a non-final order denying the appellants' Motion to Dismiss the appellees' Petition for Writ of Habeas Corpus for lack of jurisdiction.
*177 Appellees are convicted felons and inmates of Florida State Prison who assert that because of violent conditions in the prison, inadequate staff training, overcrowded conditions and physical plant deficiencies they are being denied basic constitutional rights.
It is the appellants' position on appeal that the state court lacks jurisdiction because the appellees are all members of a class certified on February 20, 1973, by the United States District Court for the Middle District of Florida in Costello v. Wainwright, 397 F. Supp. 20 (M.D.Fla. 1975). Appellants cite numerous cases for the proposition that where two courts have concurrent jurisdiction in any proceeding the power to entertain the action attaches exclusively to that court which first exercises jurisdiction, and that court will ordinarily retain such jurisdiction to decide every issue properly arising in the case. Appellants reason that since the federal court exercised jurisdiction over members of a class which includes the appellees, the state court is now precluded from exercising jurisdiction. The vulnerability of the appellants' position is however apparent upon review of the constitutional deprivation alleged and the relief sought in Costello as opposed to the redress sought in the instant cause. In Costello, the plaintiffs alleged that the Florida Division of Corrections and the Florida Division of Mental Health do not provide adequate hospital beds, ambulances, doctors, psychiatrists, nurses, psychologists, medical technicians nor the balance of the personnel and equipment necessary to care for the physically and mentally ill prisoners; that the plaintiffs have been denied access to constitutionally acceptable medical facilities and medical personnel; that the defendants, acting under the color of law, have denied or have been unable to provide constitutionally adequate medical treatment; that the physical facilities are so grossly overcrowded as to cause deprivation of basic elements of hygiene. Plaintiffs sought mandatory reduction of the prison population to levels which do not exacerbate the unhealthy conditions already in existence; a mandatory requirement that the plaintiffs be afforded such medical care as will protect their lives and health and an injunction requiring the defendants to cease providing inadequate medical care. Among other things, the court found that the evidence established, at least for purposes of preliminary injunctive relief, that the defendants had been and still were operating the state prison system in a manner which violated the constitutional rights of inmates by denying them adequate medical care. The defendants were required to reduce, by stages, the inmate population of the Florida prisons.
Appellees in the instant cause have not sought to bring a class action. Their complaint is not for adequate medical care but for relief from prison conditions that daily imperil their lives and safety. Disposition of the federal action will not necessarily dispose of the issues in this cause. Cf. ITT Community Development Corp. v. Halifax Paving, Inc., 350 So.2d 116 (Fla. 1st DCA 1977). Therefore, the state court correctly took jurisdiction.
In a companion case filed by the appellees in Docket No. XX-474, we disposed of appellants' argument that mandamus is an improper remedy. We adopt the reasoning set forth therein and in so doing affirm this issue in the instant cause.
The appellants also challenge the appellees' representation by the Public Defender's Office. They correctly point out that the office did not exist at common law and is a creature of Article V, § 18, Florida Constitution, with no authority outside of that provided by statute. Section 27.51(1), Florida Statutes, provides that the Public Defender shall represent, without additional compensation as provided in § 925.035, any person who is determined to be insolvent, as provided in the Act, and who is under arrest for, or is charged with a felony, or is charged with a misdemeanor or violation of a municipal or county ordinance in the county court. It is the thrust of the appellants' argument that the statute does not encompass or contemplate civil representation by the Public Defender's Office *178 when convicted felons challenge the constitutionality of their confinement.
Rule 3.111(b)(2), Fla.R.Crim.P., states, in pertinent part, that counsel may be provided to indigent persons in all proceedings arising from the initiation of a criminal action against a defendant, including post-conviction proceedings and appeals therefrom, extradition proceedings, mental competency proceedings, and other proceedings which are adversary in nature, regardless of the designation of the court in which they occur or the classification of the proceedings as civil or criminal. It thus appears that the supreme court in its wisdom envisioned post-conviction representation of indigent prisoners. Such representation is not without precedent. Graham v. State, 372 So.2d 1363 (Fla. 1979); State v. Weeks, 166 So.2d 892 (Fla. 1964); Garrett v. State, 229 So.2d 1 (Fla. 1st DCA 1969).
The trial judge in this instance has obviously decided that the claims presented are substantial and that the assistance of counsel is essential to accomplish a fair and thorough presentation of the prisoners' claims. Under such circumstances, the court possesses the authority to appoint counsel to represent the indigent appellees. Graham and Garrett, supra. There are currently five criminal actions pending against the petitioners, and the Office of the Public Defender has represented each of the individuals within the past year. We cannot believe that it was legislative intent that under such circumstances the trial judge is free to appoint counsel, but in so doing he may not consider the Office of the Public Defender. We do not interpret the statute as mandating such a result.
The order of the trial judge is accordingly affirmed.
SHIVERS, SHAW and THOMPSON, JJ., concur.