545 So.2d 1338 (1989)
Elvin L. MARTINEZ, Etc., Petitioner,
v.
Bob MARTINEZ, Etc., Respondent.
No. 74311.
Supreme Court of Florida.
Order June 15, 1989.
Opinion June 22, 1989.
J. Thomas Wright, Tampa, for petitioner.
Peter M. Dunbar, Gen. Counsel, and Barbara M. Linthicum, Deputy Gen. Counsel, Office of the Governor, Tallahassee, for respondent.

ORDER
The petition for quo warranto is denied, with opinion to follow. The governor's motion to dismiss and/or quash is denied.

OPINION
McDONALD, Justice.
Elvin L. Martinez, a member of the Florida House of Representatives, petitioned this Court for a writ of quo warranto to prohibit Governor Bob Martinez from including within his call for a special session of the legislature consideration of the state turnpike system. We have jurisdiction, article V, section 3(b)(8), Florida Constitution, and deny the petition.[1]
On June 3, 1989 Governor Martinez called a one-day special session of the legislature to consider the following matters:
1. Legislation to authorize the implementation of the expanded Turnpike System approved by the 1988 Legislature *1339 and the reform of right of way acquisition procedures by the Department of Transportation.
2. Legislation relating to growth management and protection of the environment.
3. Legislation providing for the controlled release of inmates.
4. Legislation providing for victim restitution.
5. Legislation providing for drug abuse control.
The legislature adjourned that special session without enacting any legislation dealing with the turnpike system. On June 14, 1989 Governor Martinez called a second special session[2] to consider the following issues:
1. Legislation to authorize bonding to implement necessary turnpike projects.
2. Legislation providing for the protection of children from injuries and death as a result of access to unlawfully placed firearms.
3. Legislation to address the needs of the Florida School for the Deaf and Blind.
Representative Martinez argues that the first issue in each of the two special sessions is the same and that Governor Martinez does not have the constitutional power to call more than one special session dealing with the same subject. Governor Martinez, on the other hand, claims that it is his privilege and right to call as many special sessions, on whatever subjects, as he wishes. The governor also argues that Representative Martinez improperly seeks relief through quo warranto and that he has no standing to bring this action.
We disagree with the governor's last two contentions. Quo warranto is the proper method to test the "exercise of some right or privilege, the peculiar powers of which are derived from the State." Winter v. Mack, 142 Fla. 1, 8, 194 So. 225, 228 (1940). Compare, e.g., State ex rel. Smith v. Brummer, 426 So.2d 532 (Fla. 1982) (quo warranto issued because public defender did not have authority to file class action on behalf of juveniles in federal court), cert. denied, 464 U.S. 823, 104 S.Ct. 90, 78 L.Ed.2d 97 (1983); Orange County v. City of Orlando, 327 So.2d 7 (Fla. 1976) (legality of city's actions regarding annexation ordinances can be inquired into through quo warranto); Austin v. State ex rel. Christian, 310 So.2d 289 (Fla. 1975) (power and authority of state attorney should be tested by quo warranto). Testing the governor's power to call special sessions through quo warranto proceedings is therefore appropriate. In quo warranto proceedings seeking the enforcement of a public right[3] the people are the real party to the action and the person bringing suit "need not show that he has any real or personal interest in it." State ex rel. Pooser v. Wester, 126 Fla. 49, 53, 170 So. 736, 737 (1936). However, in the instant case, as a member of the legislature being called into special session, Representative Martinez is directly affected by the governor's action. We hold, therefore, that he has standing to challenge the governor's power to call a special session.
Turning to the merits of Representative Martinez' claim, we find that it must be rejected. The pertinent provision of the state constitution reads as follows:
(c) SPECIAL SESSIONS.
(1) The governor, by proclamation stating the purpose, may convene the legislature in special session during which only such legislative business may be transacted as is within the purview of the proclamation, or of a communication from the governor, or is introduced by consent of two-thirds of the membership of each house.
Art. III, § 3(c)(1), Fla. Const. By its plain language this constitutional provision does not limit the number of special sessions a governor may call, nor does it limit the *1340 consideration of any subject to only a single special session. Compare In re Advisory Opinion to the Governor, 150 So.2d 721 (Fla. 1963) (governor has power to call recurring special sessions under art. IV, § 8, Fla. Const. (1885),[4] until the legislature enacts a reapportionment bill). We cannot read into the constitution a provision that is not there, and to do what Representative Martinez seeks would have us rewriting article III, section 3(c)(1). This we may not do. Therefore, we deny the petition for writ of quo warranto.
It is so ordered.
OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
EHRLICH, C.J., concurs with an opinion.
EHRLICH, Chief Justice, concurring.
If the legislature in its relationship with the executive branch feels that it is being shortchanged by the Constitution, it is the only body in government that can seek to rectify the imbalance, as perceived by it, and is free to propose a suitable amendment to the Constitution for submission to the people at the next general election.
NOTES
[1] We also deny Governor Martinez' motion to dismiss and/or quash the petition for writ of quo warranto.
[2] This special session is to commence at 2:00 p.m., June 19, 1989, and is to extend through 11:59 p.m., June 21.
[3] In this case the public right is the right to have the governor perform his duties and exercise his powers in a constitutional manner.
[4] Art. IV, § 8, Fla. Const. (1885), is the predecessor provision to art. III, § 3(c)(1), Fla. Const. Art. III, § 3(d) now limits special sessions to twenty consecutive days unless extended by three-fifths vote of each house.