PER CURIAM.
This petition for a writ of prohibition is sought by the Public Defender for the Nineteenth Judicial Circuit in Martin County to prohibit the trial judge from appointing the public defender’s office to represent indigent parents in dependency matters where it already represents said parents on substantive criminal charges. Presently, the public defender is representing two defendants on charges of child abuse and sexual battery, respectively, and *783 m both instances has also been appointed to represent these defendants in related dependency actions.
A former public defender in Martin County set in practice the custom of having the public defender’s office appointed to represent defendants in both criminal cases and in dependency proceedings, a custom which was begun, according to the affidavit of the former public defender attached to the response, because of the “potential effect of any statements being made by him [the defendant] during the dependency proceedings being utilized against him in the criminal proceedings.” The current Public Defender of Martin County objects to the practice of having that office appointed to handle these types of cases. Petitioner argues: (1) that the appointment of the public defender to represent these defendants in related civil dependency hearings is one not authorized under statute, neither by section 27.51 nor chapter 39, Florida Statutes; and (2) the attorneys in the public defender’s office are at risk, having no liability protections in these types of cases since they are not provided for by statute, etc.
Petitioner argues that since the public defender’s office is a creature of statute, it can only act under its statutory authority. Section 27.51, Florida Statutes (1987), enumerates the functions of the public defender’s office. Nowhere in that statute is the public defender’s office authorized to represent parents in dependency proceedings. Furthermore, chapter 39 of the Florida Statutes does not authorize any such action. The petitioner does not contest the fact that there exists a constitutional right to counsel where proceedings can result in permanent loss of parental custody, but argues that either private counsel must be appointed, or legal service attorneys, but not the public defender’s office.
Supportive of the petitioner’s position is this court’s ruling in Office of the Public Defender of the Ninth Judicial Circuit v. Baker, 371 So.2d 684 (Fla. 4th DCA 1979), in which a petition for writ of prohibition was granted to prohibit a trial judge from appointing the public defender’s office to represent a juvenile in a dependency matter. In that case, this court held unequivocally that the public defender’s office has no statutory duty to represent juveniles alleged to be dependent and nothing in chapter 39 or chapter 27 gives the circuit court power to appoint the public defender in such cases.
Petitioner points out that if the public defender’s office cannot represent the child in a dependency matter, it also has no statutory authority to represent a parent of the child in a dependency matter. We agree because the logical extension of the Baker case supports this argument.
The respondent argues that where there is a constitutional right to representation, the sixth amendment guarantee to effective assistance of counsel necessitates that a single attorney represent an individual facing dual state action arising from alleged child abuse, citing Graham v. Vann, 394 So.2d 176 (Fla. 1st DCA 1981). Briefly, the Graham case has language which relies upon á criminal rule of procedure, rule 3.111(b)(2) for the proposition that the judge has an inherent authority to appoint the public defender to represent these defendants in dependency proceedings where they have a criminal proceeding already pending against them. Rule 3.111(b)(2) states simply:
Counsel may be provided to indigent persons in all proceedings arising from the initiation of a criminal action against the defendant, including post-conviction proceedings and appeals therefrom, extradition proceedings, mental competency proceedings, and other proceedings which are adversary in nature, regardless of the designation of the court in which they occur or the classification of the proceedings as civil or criminal.
This rule however does not give any indication that said counsel can be the public defender’s office.
Finally, the respondent argues that the petition should not be granted because the basic issue is whether he has authority to appoint the public defender to handle *784 related civil dependency matters when the public defender is properly appointed to handle the criminal child abuse case. The trial judge sub judice submits that he limits appointment of the public defender to situations “wherein the complexity and interrelationship of the cases merits, in his view, the appointment of the Public Defender to handle all aspects of the case.” He further argues that this action falls within his vested authority as acting circuit judge. This argument however does not hold up in light of this court’s holding in the Baker case. Furthermore, the Florida Supreme Court stated in State ex rel. Smith v. Jorandby, 498 So.2d 948 (Fla.1986), that public defenders are authorized only to represent defendants whose liberty interests are threatened by the State of Florida. We narrowly construe the statutes and the case law to prohibit the judge from appointing the public defender’s office in related civil dependency matters.
We therefore grant the petition and direct the trial judge to appoint substitute private counsel in any dependency actions in which the public defender is currently appointed. The public defender’s office should not be appointed in any dependency matters.
LETTS, GLICKSTEIN and GUNTHER, JJ., concur.