668 So.2d 1114 (1996)
Johnny ROSERO, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1123.
District Court of Appeal of Florida, Fourth District.
March 6, 1996.
*1115 Charles W. Musgrove, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Under the authority of United States v. Halper, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), we affirm the amended order granting Appellant's victim a civil restitution lien pursuant to sections 960.29 et seq., Florida Statutes (Supp.1994).
In Halper, the Supreme Court addressed the question of "whether a civil sanction, in application, may be so divorced from any remedial goal that it constitutes `punishment' for the purposes of double jeopardy analysis." Id. at 443, 109 S.Ct. at 1899. In answering this question, the Court recognized two principles which we believe are dispositive of this appeal.
First, the Court made clear that governments may legislate imprecise formulas, such as liquidated damages clauses, in order to compensate victims for losses, so long as the damage amount legislated is rationally related to the damage incurred. Id. at 449, 109 S.Ct. at 1902. It is our conclusion that the amounts listed in section 960.293 represent reasonable estimates of the losses incurred by crime victims within the bounds defined by Halper and therefore imposition of a lien for the listed amount was not error.[1]
Second, in Halper, the Court recognized that the protections afforded by the double jeopardy clause are not triggered when private parties file civil suits for damages caused by conduct that was also the subject of criminal prosecution and punishment. Id. at 451, 109 S.Ct. at 1903. Although under section 960.292(2), the criminal trial court retains jurisdiction over the matter, the legislative intent of the statute, as expressed in section 960.29(1)(c), was to create an accelerated method of providing civil restitution to crime victims. Accordingly, as the imposition of a civil restitution lien under section 960.29 et seq. is a civil, not criminal, action, the protections provided by the double jeopardy clause are not available to Appellant.
We have considered Appellant's other contentions and find them to be without merit.
STONE, FARMER and SHAHOOD, JJ., concur.
NOTES
[1] We note that in the instant case, the victim asked for and was awarded less than she was entitled to under section 960.293(1)(a).