679 So.2d 76 (1996)
Julius N. DOCTOR, Appellant,
v.
STATE of Florida, Appellee.
No. 96-0202.
District Court of Appeal of Florida, Fourth District.
September 11, 1996.
Julius N. Doctor, Lake City, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia Ann Ash, Assistant *77 Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We affirm an order which summarily denied Appellant's motion for rehearing from an earlier order denying his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.
Appellant was sentenced in December of 1992 to three years in prison, followed by two years of probation for grand theft, and sixty days in prison for petit theft. In the 1992 sentence and order of probation, a restitution order was included providing for restitution to the victims. Appellant did not appeal or otherwise challenge this sentence or restitution order.
Appellant violated that probation, and was sentenced to four and one-half years in prison for that violation in December of 1994. The sentence also provided that a civil judgment for restitution, presumably under section 960.29 et seq. (Supp.1994), would be ordered. Our record does not show whether such a civil judgment ever was entered. Appellant did not file a direct appeal of that sentence for violation of probation, but in July of 1995 he did timely file a rule 3.850 motion challenging his sentence for violation of probation. In that motion, Appellant alleged that his counsel was ineffective in failing to object to the two years of probation in his original sentence and for failing to object to the initial restitution order being entered without first holding an evidentiary hearing on his ability to pay.
The trial court summarily denied the entire motion as untimely in October of 1995. Nothing was attached to the trial court's order. Appellant timely moved for rehearing, arguing to the trial court that the motion was not untimely because he was challenging the provisions of the 1994 judgment and sentence for violation of probation and not the underlying 1992 sentence. The motion for rehearing was summarily denied by order dated October 26, 1995. That led to the instant appeal.
Appellant's claim of ineffective assistance of counsel for failure to object to the 1992 probation, because it differed from the plea agreement, was untimely. As to Appellant's claim of ineffective assistance of his defense counsel for failing to object to the imposition of restitution without an evidentiary hearing, in Rosero v. State, 668 So.2d 1114 (Fla. 4th DCA 1996), we held that imposition of a civil restitution lien under section 960.29 et seq. is a civil, not a criminal, action. Accordingly, we find no basis under rule 3.850, applicable to criminal judgments and sentences, for a claim challenging imposition of this civil relief.
GLICKSTEIN, STONE and FARMER, JJ., concur.