GRIFFIN, J.
Mr. Romahn appeals an order which denied his Rule 3.850 post-conviction relief motion on the procedural basis that it was premature. We reverse.
On June 23, 1997, after entering nolo pleas, defendant was convicted of various felonies in several cases, and placed on five years probation. On June 21, 1999, defendant filed a 3.850 motion, claiming that the nolo pleas .were involuntary. It appears that the trial court, in finding that the 3.850 motion was premature, was referring to the fact that defendant had subsequently violated his .probation and was awaiting sentence. The order denying relief states that the motion is untimely “until formal sentencing occurs.” However, defendant sought to withdraw his pleas which were entered in 1997 and were subject to collateral attack at the time his 3.850 motion was filed. In fact, because Romahn was adjudicated guilty on June 23, 1997, and did not appeal, he could not have waited much longer to file his 3.850 motion without being beyond the two-year limitation period. See Fla. R.Crim. P. 3.850(b); Doctor v. State, 679 So.2d 76 (Fla. 4th DCA 1996).
REVERSED and REMANDED.
DAUKSCH and COBB, JJ., concur.