757 So.2d 631 (2000)
Keith Duane KISSEL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-108.
District Court of Appeal of Florida, Fifth District.
May 19, 2000.
Keith Duane Kissel, Wewahitchka, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
COBB, J.
The defendant, Keith Kissel, as part of a plea agreement, entered nolo contendere pleas to two counts of sexual battery upon a child under 16. The counts involved separate incidents. Pursuant to the plea agreement, he received a total sentence of 20 years in the Department of Corrections, followed by 15 years probation. He did not appeal, but he did file a Rule 3.800(a) motion claiming that he received an illegal sentence. This motion was granted and his probationary term was reduced to 10 years.
Now, in his Rule 3.850 motion, Kissel raises four claims. His first three claims *632 are untimely under Zeigler v. State, 632 So.2d 48, 50 (Fla.1993), cert. denied, 513 U.S. 830, 115 S.Ct. 104, 130 L.Ed.2d 52 (1994) (two-year time period for challenging a conviction commenced when the conviction alone became final, not when both the conviction and sentence became final). His fourth claim has merit and can be considered under Rule 3.800(a). Kissel received an "improper" general sentence covering both counts20 years DOC, followed by 10 years probation. Since he was charged with two separate incidents, if the trial court had sentenced him to two consecutive sentences, he could have received basically the same sentence. That is, he could have received 15 years DOC on Count I, and received 5 years DOC, followed by 10 years of probation, on Count II. See § 775.021, Fla. Stat. Previously, a general sentence was considered "improper" but not "illegal." See Dorfman v. State, 351 So.2d 954 (Fla.1977); Gonzalez v. State, 367 So.2d 1008 (Fla.1979). However, the Florida Supreme Court recently stated in State v. Mancino, 714 So.2d 429, 433 (Fla.1998), that "[a] sentence that patently fails to comport with statutory or constitutional limitations is by definition `illegal.'" It seems his "improper general sentence" is now "illegal" under Mancino.
We therefore affirm the trial court's order on defendant's first three points, but we reverse and remand with directions to re-sentence defendant. The defendant does not need to be present. See Awad v. State, 364 So.2d 516 (Fla. 4th DCA 1978) (at re-sentencing necessitated by trial court's error in imposing a general sentence following conviction of two offenses, it is not necessary for defendant to be present).
AFFIRMED in part; REVERSED and REMANDED in part for re-sentencing.
ANTOON, C.J., and PETERSON, J., concur.