886 So.2d 336 (2004)
Michael SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-3152.
District Court of Appeal of Florida, Fifth District.
November 12, 2004.
*337 Michael Smith, Chipley, pro se.
No Appearance for Appellee.
SHARP, W., J.
Smith appeals from the summary denial of his motion made pursuant to Florida Rule of Criminal Procedure 3.800(a) to correct an illegal sentence. He was sentenced on December 19, 1997, for crimes including two robbery offenses and two kidnapping offenses. In his motion, he asserts that the two kidnapping convictions violated double jeopardy because the type of confinement that was alleged and proved was inherent in the robbery offenses. We affirm.
A double jeopardy argument is a challenge to the judgment, not the sentence. It also raises factual issues underlying the judgment, which if the double jeopardy argument has merit, cannot be determined on the face of the judgment. Thus, Rule 3.800(a) does not provide an appropriate remedy. Bryant v. State, 800 So.2d 692 (Fla. 5th DCA 2001), rev. denied, 819 So.2d 133 (Fla.2002) (claim that conviction for escape was improper because defendant was not under state confinement is an attack on the underlying judgment, not on the sentence, so Rule 3.800(a) relief is not available); State v. Moten, 698 So.2d 1345 (Fla. 5th DCA 1997), rev. denied, 799 So.2d 218 (Fla.2001) (defendant's claim that he sold a controlled substance within 200 feet of public housing, not a public park as indicated in the judgment, is actually an attack on the conviction and is not cognizable under Rule 3.800(a)); Sanders v. State, 621 So.2d 723 (Fla. 5th DCA 1993), rev. denied, 629 So.2d 135 (Fla.1993) (double jeopardy challenge in a Rule 3.800(a) motion which is actually an attack on convictions cannot be addressed in a Rule 3.800(a) motion and would be time *338 barred under Rule 3.850); State v. Spella, 567 So.2d 1051 (Fla. 5th DCA 1990). (double jeopardy claim is a challenge to the conviction, not the sentence, and is inappropriate for a Rule 3.800 proceeding.)
Nor can Smith's motion be deemed to be one seeking relief under Rule 3.850, because it would be time barred.[1] Smith was sentenced on December 19, 1997. He appealed and this court affirmed on December 15, 1998. More than two years have lapsed from the date his judgment became final before he filed this motion on July 12, 2004, under the "mail box" rule.[2]
Smith also alleged that he had been resentenced on February 17, 2002, pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). However, the resentencing did not affect the finality of his judgment. See Zeigler v. State, 632 So.2d 48, 50 (Fla.1993) (although defendant's death penalty was vacated in 1988, the two-year period for attacking judgment by a 3.850 motion expired on January 1, 1987); Kissel v. State, 757 So.2d 631 (Fla. 5th DCA 2000) (although defendant was resentenced pursuant to a 3.800(a) motion, the two-year limitation period for issues raised in a 3.850 motion attacking the judgment commenced when the judgment became final, not when defendant was resentenced); Romahn v. State, 743 So.2d 104 (Fla. 5th DCA 1999) (a 3.850 motion which attacks an original plea must be filed within two years of when that plea became final, not after defendant is sentenced upon a revocation of probation).
AFFIRMED.
THOMPSON and PLEUS, JJ., concur.
NOTES
[1] See Fla. R. Crim P. 3.850(b).
[2] See Haag v. State, 591 So.2d 614 (Fla.1992).