PER CURIAM.
 

 In these two consolidated cases, the Public Defender for the Seventeenth Judicial Circuit challenges orders appointing him, over objection, to represent a prospective witness in another person’s pending criminal case — in one case, a prosecution for a new offense and violation of probation proceeding; in the other, a post-conviction proceeding — who has been neither charged with a crime nor taken into
 
 *258
 
 custody in connection with the pending proceedings.
 
 [1]
 
 Having been unable to find support for a trial court’s authority to appoint the Public Defender in the specific instances involved in this case,
 
 [2]
 
 we grant the petition and quash the orders on review.
 
 See generally Yacucci v. Hershey,
 
 549 So.2d 782 (Fla. 4th DCA 1989).
 

 FARMER, MAY, and DAMOORGIAN, JJ., concur.
 

 [1]
 

 .
 
 See
 
 § 27.51(1), Fla. Stat. (2008) (providing that public defender must represent persons charged with felony or other specific crimes or sought to be involuntarily committed).
 

 [2]
 

 .
 
 Compare
 
 § 27.51, Fla. Stat. (2008); Fla. R.Crim. P. 3.111;
 
 Smith v. State,
 
 699 So.2d 629, 638 (Fla.1997) ("The right to counsel under article I, section 16, attaches at the earliest of the following points: when the accused is formally charged with a crime via the filing of an indictment or information; as soon as feasible after custodial restraint; or at first appearance.”);
 
 Ibar v. State,
 
 938 So.2d 451, 471 (Fla.2006) ("[T]he Sixth Amendment right to the assistance of counsel is 'offense specific’ and applies only to the offense or offenses with which the defendant has actually been charged, and not to any other offense he may have committed but with which he has not been charged.”).
 
 But see Russo v. Akers,
 
 724 So.2d 1151 (Fla.1998) (concluding that trial courts are authorized to appoint the public defender to represent defendants in noncapital postconviction proceedings, though section 27.51 is silent with respect to such proceedings).