DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

FLORIDA DEPARTMENT OF CORRECTIONS,

Petitioner,

v.

JULIANNE M. HOLT, Public Defender,

Respondent.

No. 2D23-729
_____

November 29, 2023

Petition for Writ of Quo Warranto to the Circuit Court for Hillsborough
County, Samantha Lee Ward, Judge.

Charles T. Martin, Jr., Assistant General Counsel, Daniel A. Johnson,
Deputy General Counsel, and Lance Eric Neff, General Counsel,
Tallahassee, for Petitioner.

Julianne M. Holt, Public Defender, and Rocky W. Brancato, Assistant
Public Defender, Tampa, for Respondent.

PER CURIAM.

The Department of Corrections petitions for a writ of quo warranto

to preclude the Thirteenth Circuit Public Defender's representation of

Nathaniel O'Neal in a pending civil restitution lien proceeding. We grant

the petition.

## I.

O'Neal is serving a life sentence for first-degree murder. This court affirmed his conviction and sentence. *O'Neal v. State*, 244 So. 3d 215 (Fla. 2d DCA 2018) (table decision).

In September 2022, the department filed in the circuit court a motion to impose a civil restitution lien pursuant to section 960.293, Florida Statutes (2022). The court thereafter granted the public defender's motion to be appointed as O'Neal's counsel in the matter.

The public defender opposed imposition of the lien, arguing that the department would enforce it by garnishing O'Neal's inmate trust account. Such a garnishment would make O'Neal's punishment less bearable because he would be unable to make purchases from the canteen. The motion also alleged that the department is selectively seeking civil restitution liens as a form of punishment. The public defender maintained that in this case the department is seeking a lien in retaliation against O'Neal for filing a federal civil rights action against the department and to offset any potential judgment arising from that action.

The department moved to vacate the public defender's appointment, asserting that proceedings to impose a restitution lien are civil in nature, for which O'Neal is not entitled to representation by the public defender.

The circuit court observed that the public defender has raised substantial claims on behalf of O'Neal and that the assistance of counsel is essential to a fair and thorough presentation of those claims. It denied the department's motion, relying on *Graham v. State*, 372 So. 2d 1363 (Fla. 1979), and *Graham v. Vann*, 394 So. 2d 176 (Fla. 1st DCA 1981). The court, citing Florida Rule of Criminal Procedure 3.111(b)(2), further reasoned that the civil restitution proceeding was adversarial in nature

because it arose from the criminal action against O'Neal. Finally, the court posited that appointment of the public defender is authorized under section 27.51(1)(b)4, Florida Statutes (2023), because the civil restitution proceedings are ancillary to a state criminal charge.

## II.

We issued an order to show cause why the department's petition should not be dismissed for lack of standing. Having considered the parties' arguments on that question, we discharge the order to show cause.

"In quo warranto proceedings seeking the enforcement of a public right the people are the real party to the action and the person bringing suit 'need not show that he has any real or personal interest in it.' " *Martinez v. Martinez,* 545 So. 2d 1338, 1339 (Fla. 1989) (footnote omitted) (quoting *State ex rel. Pooser v. Wester,* 170 So. 736, 737 (Fla. 1936)). "[A]ctions in the nature of quo warranto to question the authority for the exercise of rights, privileges[,] and powers derived from the state can be brought by any person." *Macnamara v. Kissimmee River Valley Sportsmans' Ass'n,* 648 So. 2d 155, 164 (Fla. 2d DCA 1994) (second alteration in original). In this case, the public right is to have the public defender perform her duties in a constitutional manner. *See Martinez,* 545 So. 2d at 1339 n.3.

Here, the secretary of the department, as a citizen and taxpayer, has standing to petition for quo warranto, regardless of whether he or the department is affected by the public defender's actions. *See Thompson v. DeSantis*, 301 So. 3d 180, 184 (Fla. 2020).

## III.

Turning to the merits of the petition, we note that quo warranto may be employed to challenge a public defender's representation of a party on the basis that the public defender is without legal authority to

undertake the representation. *See State v. Grate*, 252 So. 3d 351, 352 (Fla. 5th DCA 2018); *see also State, Dep't of Health & Rehab. Servs. v. Schreiber*, 561 So. 2d 1236, 1242 (Fla. 4th DCA 1990). The public defender's authority to undertake representation of any party emanates from section 27.51, which prescribes public defenders' duties.

That statute "generally provides that public defenders shall represent indigents who have been charged or arrested for a variety of criminal offenses that could result in imprisonment and in a limited number of civil proceedings that threaten their liberty interests, as well as in all indigent criminal direct appeals." *Grate*, 252 So. 3d at 353; *see also State ex rel. Smith v. Jorandby*, 498 So. 2d 948, 950 (Fla. 1986) (reasoning that section 27.51 "permits representation by a public defender only in circumstances entailing prosecution by the state threatening an indigent's liberty interest"). Further, the public defender's duties under chapter 27 include representing an indigent defendant who seeks to collaterally attack a judgment and sentence, but only when due process mandates the appointment of counsel. *See Russo v. Akers*, 724 So. 2d 1151, 1153 (Fla. 1998); *see also* § 924.051(9), Fla. Stat. (2022) ("Funds, resources, or employees of this state or its political subdivisions may not be used, directly or indirectly, in appellate or collateral proceedings unless the use is constitutionally or statutorily mandated.").

Pertinent here, section 960.293(2) provides that "[u]pon conviction, a convicted offender is liable to the state and its local subdivisions for damages and losses for incarceration costs and other correctional costs."[1] The State may seek these damages in a civil action or as a

---

[1] Such damages are liquidated. For a life or capital felony, the offender is liable for $250,000. § 960.293(2)(a). Otherwise, an offender

4

counterclaim in any civil action. § 960.297(1). However, the court of conviction also retains jurisdiction to impose a civil restitution lien for the "duration of the sentence or up to [five] years from release from incarceration or supervision, whichever occurs later." § 960.292(2); *Wilson v. State*, 957 So. 2d 683, 685 (Fla. 5th DCA 2007).

Proceedings to impose civil restitution liens pursuant to section 960.293 are civil in nature. *See Goad v. Fla. Dep't of Corr.*, 845 So. 2d 880, 884–85 (Fla. 2003); *Welsh v. State*, 47 So. 3d 332, 332 (Fla. 4th DCA 2010); *Doctor v. State*, 679 So. 2d 76, 77 (Fla. 4th DCA 1996); *Rosero v. State*, 668 So. 2d 1114, 1115 (Fla. 4th DCA 1996). The fact that the court of conviction has jurisdiction to impose the lien does not render the proceedings criminal. Rather, the criminal court's authority to impose the civil restitution lien reflects the legislature's intention to create an accelerated method of imposing a civil restitution judgment. *See Rosero*, 668 So. 2d at 1115.

The public defender is not authorized to represent O'Neal in this civil restitution lien proceeding because it is civil in nature and does not implicate O'Neal's liberty interests. Further, defending against the department's efforts to obtain a civil restitution lien under section 960.293(2) does not invoke the due process concerns that justify the appointment of counsel in postconviction relief proceedings.

The authorities relied on by the circuit court do not authorize appointment of public defenders in civil restitution lien proceedings. *Graham* addressed the right to counsel in state and federal collateral relief proceedings for death row inmates. 372 So. 2d at 1365. The test

---

is liable for $50 per day based on the length of the sentence imposed. § 960.293(2)(b).

announced in *Graham* has been applied to determine when a defendant is entitled to counsel in postconviction relief proceedings generally. *See Russo*, 724 So. 2d at 1152; *Rowe v. State*, 777 So. 2d 1088, 1089 (Fla. 2d DCA 2001). The civil restitution proceedings at issue in this case are civil in nature and do not involve any sort of collateral attack on O'Neal's judgment and sentence.

In *Vann*, the First District affirmed the public defender's representation of inmates in a habeas proceeding challenging the conditions of their incarceration. 394 So. 2d at 180. The inmates alleged they were being denied basic constitutional rights due to the "violent conditions in the prison, inadequate staff training, overcrowded conditions and physical plant deficiencies." *Id.* at 179. No such liberty interests are at stake here.

We acknowledge the circuit court's authority to appoint counsel pursuant to Florida Rule of Criminal Procedure 3.111(b)(2), which provides:

> Counsel may be provided to indigent persons in all proceedings arising from the initiation of a criminal action against a defendant, including postconviction proceedings and appeals therefrom, extradition proceedings, mental competency proceedings, and other proceedings that are adversary in nature, regardless of the designation of the court in which they occur or the classification of the proceedings as civil or criminal.

But the general authority to appoint counsel is not the same as the authority to appoint *the public defender*. *See, e.g.*, *Yacucci v. Hershey*, 549 So. 2d 782, 783 (Fla. 4th DCA 1989) (reversing the appointment of the public defender's office in a dependency proceeding, holding that rule 3.111(b)(2) "however does not give any indication that said counsel can be the public defender's office").

6

Finally, the public defender is not authorized to represent O'Neal because civil restitution proceedings are not "ancillary to a state charge" under section 27.51(1)(b)4, which provides:

> The public defender shall represent, without additional compensation, any person determined to be indigent under s. 27.52 and . . . [u]nder arrest for, or charged with . . . [a] violation of a special law or county or municipal ordinance ancillary to a state charge, or if not ancillary to a state charge, only if the public defender contracts with the county or municipality to provide representation pursuant to ss. 27.54 and 125.69.

Because this civil restitution lien proceeding is not founded on a violation of a special law or county or municipal ordinance, the public defender's appointment is not authorized by section 27.51(1)(b)4.

Accordingly, we grant the department's petition. The public defender may not represent O'Neal in the subject civil restitution lien proceeding.

Petition granted.

NORTHCUTT, VILLANTI, and LABRIT, JJ., Concur.

_____

Opinion subject to revision prior to official publication.