426 So.2d 532 (1982)
STATE of Florida ex rel. Jim SMITH, Etc., et al., Relators,
v.
Bennett BRUMMER, etc., et al., Respondents.
No. 61376.
Supreme Court of Florida.
December 16, 1982.
Rehearing Denied March 3, 1983.
Jim Smith, Atty. Gen. and Anthony C. Musto, Asst. Atty. Gen., and Melinda S. Thornton, Asst. County Atty., Dade County, Miami, for relators.
Parker D. Thomson of Paul & Thomson, Miami, for respondents.
ADKINS, Justice.
Respondents were appointed to represent a minor, G.A., in a chapter 394 involuntary commitment proceeding. Although he was committed at the conclusion thereof, G.A. was later ordered released by the Dade County Circuit Court and has remained at liberty ever since.
In addition to representing him in the above proceedings, respondents filed suit on behalf of G.A. and all others that were similarly situated in the United States District Court alleging violations of constitutional rights and seeking declaratory and injunctive relief. The suit was instituted by R.A., G.A.'s mother. A motion for class certification was additionally filed as well as a motion for leave to proceed in forma pauperis. The latter motion was initially granted but later, on a motion by the opposing parties, was vacated.
Subsequent to the above, G.A. and R.A. filed an amended complaint, seeking damages, in the federal proceeding. That pleading was signed by two of the respondents and by Eugene Zenobi, a private practitioner not employed by the public defender's office. Relators then brought this quo warranto proceeding to challenge respondents' authority to institute the federal proceedings in the form of a class action suit.
It is the petitioners' contention in this case that the public defender is not authorized to bring a class action suit, particularly when there is no showing that each member of the purported class is indigent and when there is no showing that the public defender was ever appointed to represent in any proceeding, any member of the class other than the named plaintiff.
Respondents counter by arguing that the bringing of a class action suit was the most efficient way to represent these individuals with the limited resources of the office of the public defender.
We hold that a writ of quo warranto should be issued by this Court divesting the *533 respondents of the authority to represent the plaintiffs in a class action.
Pursuant to the Supreme Court ruling in Branti v. Finkel, 445 U.S. 507, 519, 100 S.Ct. 1287, 1295, 63 L.Ed.2d 574 (1980), we understand that "[t]he primary, if not the only, responsibility of an assistant public defender is to represent individual citizens in controversy with the State." The Florida Statutes remind us that the public defender does not owe any responsibility to persons other than those whom he is appointed to represent and he is not authorized by statute to undertake representation of any such additional persons. He therefore cannot undertake representation of a class.
Our reasoning in the case at bar parallels that which was used in our decision of Graham v. State, 372 So.2d 1363 (Fla. 1979). There, we concluded that the state of Florida is under no obligation to provide the counsel or costs in federal proceedings.
The decision to file this federal complaint as a class action suit is said to be a tactical move on the part of the respondents. Respondents have based their decision on the likelihood of obtaining relief for both G.A. and other individuals. The mere fact that a decision is tactical is of no import. Invariably, the respondents must still have the authority to act and here they simply do not.
This does not mean, however, that stateappointed counsel could not continue their representation and seek federal relief on an "individual" basis. A lawyer's professional responsibility may dictate this action. It is, however, our view that a state court could not mandate this action.
The state is constitutionally obliged to respect the professional independence of the public defenders whom it engages. The decision in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), established the right of state criminal defendants to the "[g]uiding hand of counsel at every step of the proceedings against [them]." Id. at 345, 83 S.Ct. at 797 (quoting from Powell v. Alabama, 287 U.S. 45, 68-69, 53 S.Ct. 55, 64, 77 L.Ed. 158 (1932)).
The United States Supreme Court opinion in Polk County v. Dodson, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981), concisely summarizes this Court's view concerning the primary purpose of the public defender. Quoting from Ferri v. Ackerman, 444 U.S. 193, 204, 100 S.Ct. 402, 409, 62 L.Ed.2d 355 (1979), the Court agreed that
His [the public defender's] principal responsibility is to serve the undivided interests of his client. Indeed, an indispensable element of the effective performance of his responsibilities is the ability to act independently of the Government and to oppose it in adversary litigation.
102 S.Ct. at 450 n. 8 (emphasis supplied).
The petition for writ of quo warranto is hereby granted by this Court.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, McDONALD and EHRLICH, JJ., concur.