443 So.2d 957 (1984)
STATE of Florida, ex rel. Jim SMITH, and Louie Wainwright, Relators,
v.
Bennett BRUMMER and Robin H. Greene and Rory S. Stein, Respondents.
No. 64280.
Supreme Court of Florida.
January 12, 1984.
Jim Smith, Atty. Gen., Tallahassee, Penny H. Brill and Michael J. Neimand, Asst. Attys. Gen., Miami, for relators.
Parker D. Thomson and Susan H. Aprill of Thomson, Zeder, Bohrer, Werth, Adorno & Razook, Miami, for respondents.
*958 EHRLICH, Judge.
Relator, Attorney General Jim Smith, brings this petition for writ of quo warranto to divest respondent, the Public Defender for the Eleventh Judicial Circuit in and for Dade County, Florida, and two assistant public defenders, of authority to accept an appointment by a federal judge to represent indigents in federal court. We have jurisdiction. Art. V, § 3(b)(8), Fla. Const.
On August 5, 1981, Carlton Harris was sentenced, in Dade County, for attempted robbery, attempted first degree murder and aggravated assault. Respondent Bennett Brummer, as public defender, was appointed to represent Harris on direct appeal to the Third District. Assistant Public Defender Robin Greene, also a respondent, handled the appeal. Harris's conviction and sentence were affirmed May 11, 1982, and rehearing was denied on June 17, 1982. Neither Brummer nor Greene undertook any further representation of Harris in any state or federal court. On May 13, 1983, Harris, pro se, filed a petition for writ of habeas corpus in the United States District Court for the Southern District of Florida. Harris did not request appointed counsel. The United States Magistrate recommended denial, and Harris filed objections. The United States District Judge ordered a hearing on the matter and, after consulting the state public defender's office, appointed respondent, the Public Defender for the Eleventh Judicial Circuit, to represent Harris in the federal court.
Mario Machin was convicted of trafficking in cannabis and possession with intent to sell on November 10, 1981, in Dade County. Respondent Brummer was appointed to represent Machin on appeal and the case was handled by Rory Stein, an assistant public defender and respondent here. Machin's conviction was affirmed on September 2, 1982. Neither Brummer nor Stein took further action. On November 2, 1982, Machin, pro se, filed a petition for writ of habeas corpus in the United States District Court for the Southern District of Florida. He did not request appointment of counsel. The United States Magistrate recommended further proceedings on Machin's petition, and the United States District Judge set a hearing. After consultation with respondent, the district judge appointed the Public Defender for the Eleventh Judicial Circuit to represent Machin pro bono in the federal court.
Relator then filed a motion and supporting memorandum of law to vacate the appointment of the public defender in the federal court. The motion attacked the appointment as beyond the powers granted by the federal statute. Counsel is provided to indigent clients in federal courts pursuant to 18 U.S.C. § 3006A (1976). That statute specifies that attorneys appointed be drawn from the federal public defender's office or from a panel of private attorneys which may include members of nonprofit legal aid organizations. Relator argued that the respondents were not, and by statute could not be, members of the panel of private attorneys.
The petition now before us was filed before the federal court ruled on the motion to vacate. The motion was denied on the grounds that the state public defender was authorized to continue representation of indigent clients in federal court by this Court's decisions in Graham v. State, 372 So.2d 1363 (Fla. 1979) and State ex rel. Smith v. Brummer, 426 So.2d 532 (Fla. 1983), cert. denied, ___ U.S. ___, 104 S.Ct. 90, 78 L.Ed.2d 97 (1983).
It must be noted at the outset that the issue of the federal judge's power to appoint respondent under 18 U.S.C. § 3006A is not before us. We lack jurisdiction over that matter and advance no opinion as to the statutory validity of that appointment.[1] The petition we address here raises only the issue of the state public *959 defender's authority to accept such an appointment.
The Office of the Public Defender is a creature of the state constitution and of statute, not of the common law. The State of Florida, in order to meet its responsibility to provide the assistance of counsel guaranteed to defendants against state action by the sixth amendment of the United States Constitution, made applicable to states through the fourteenth amendment, has created this office in article V, section 18 of the Florida constitution. The functioning of that office is regulated by statute, sections 27.50-.59, Florida Statutes (1981), and by court rule. Florida Rule of Criminal Procedure 3.111. Section 27.51[2] sets forth the duties of the public defender: To represent any indigents who face possible loss of liberty, or any indigent minor alleged to be a delinquent child, and to handle felony appeals in the state or federal courts.
Nothing in either the statute or the rule can fairly be construed to authorize appointment of the Florida public defender by any entity other than a Florida court. Graham and Smith v. Brummer I did not address the issue of appointment and are at best tangentially related to the question now before us.
Although we find that respondents have exceeded their statutory authority in accepting the appointment, we also note that the appointment has been made and accepted. Were we to issue the writ of quo warranto, the respondents might find themselves in an untenable position before the federal court. Rather than risk that outcome, we at this point decline to issue the writ, but we commend this construction of applicable state law to the consideration of both the respondents and the United States District Judge for the Southern District of Florida with every confidence that the appointment will be vacated.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, McDONALD and SHAW, JJ., concur.
NOTES
[1] We note, however, that the federal judge consulted with the public defender's office before making the appointment and relied on the representations of that office that it was able and authorized to accept the assignment both in making the original appointment and in denying the motion to vacate.
[2] Section 27.51, Florida Statutes (1981), provides in pertinent part:

27.51 Duties of public defender. 
(1) The public defender shall represent, without additional compensation, any person who is determined by the court to be indigent as provided in s. 27.52 and who is:
(a) Under arrest for, or is charged with, a felony;
(b) Under arrest for, or is charged with, a misdemeanor, a violation of chapter 316 which is punishable by imprisonment, or a violation of a municipal or county ordinance in the county court, unless the court, prior to trial, files in the cause a statement in writing that the defendant will not be imprisoned if he is convicted;
(c) Alleged to be a delinquent child pursuant to a petition filed before a circuit court; or
(d) Sought by petition filed in such court to be involuntarily hospitalized as a mentally ill or mentally retarded person.
... .
(4) The public defender for a judicial circuit enumerated in this subsection shall, after the record on appeal is transmitted to the appellate court by the office of the public defender which handled the trial and if requested by any public defender within the indicated appellate district, handle all felony appeals to the state and federal courts required of the official making such request:
... .