498 So.2d 948 (1986)
STATE of Florida ex rel. Jim SMITH, etc., Petitioner,
v.
Richard JORANDBY, etc., et al., Respondents.
No. 68141.
Supreme Court of Florida.
December 18, 1986.
*949 Jim Smith, Atty. Gen., and Shirley A. Walker and Jason Vail, Asst. Attys. Gen., Tallahassee, for petitioner.
Richard L. Jorandby, Public Defender, Fifteenth Judicial Circuit; Craig S. Barnard, Chief Asst. Public Defender and Richard H. Burr III, Asst. Public Defender, West Palm Beach, for respondents.
OVERTON, Justice.
The attorney general petitions this Court for a writ of quo warranto prohibiting assistant public defenders from representing the personal representative of James Adams' estate in a civil rights action seeking money damages from the State of Florida. We have jurisdiction. Art. V, § 3(b)(8), Fla. Const. We hold that, under Florida's constitution and statutory law, public defenders are authorized only to represent defendants whose liberty interests are threatened by the State of Florida, and, consequently, public defenders have no authority to seek money damages against the state on behalf of their clients.
The relevant facts reflect that on March 13, 1984, two assistant public defenders, along with another attorney, filed a section 1983 federal civil rights action on behalf of James Adams, a Florida death row inmate. The complaint alleged that another inmate poisoned Adams, and that a state prison officer either conspired in the crime or failed to provide Adams reasonable protection from violent inmates. The complaint asserted that these alleged acts violated Adams' eighth amendment protection and demanded compensatory and punitive damages. In April, 1984, after the governor signed Adams' death warrant, the public defenders attempted to use the civil rights action as a basis to stay Adams' execution. Both federal and state courts denied relief and Florida electrocuted Adams on May 10, 1984. Following Adams' death, the state petitioned the federal court to remove the public defenders as representatives of Adams' successors. The United States District Court denied the motion to discharge the public defenders and substituted the personal representative of Adams' estate as plaintiff in the civil action.
The attorney general contends that public defenders and their assistants, as state officers, have only those powers expressly conferred on them by the constitution or by statute and that their authority extends only to representation arising directly from an underlying criminal prosecution or the circumstances specified in section 27.51(1), Florida Statutes (1985). The attorney general further asserts that a federal civil rights action for damages is not a case arising directly from Adams' criminal prosecution, and has more in common with a tort claim than a suit for post-conviction relief.
This Court has addressed the authority of appointed counsel to represent indigent defendants in various types of proceedings. In Graham v. State, 372 So.2d 1363 (Fla. 1979), this Court considered a request to mandate appointment of counsel for persons on death row. We held:
This state only has an obligation to provide counsel for indigent defendants in its state courts. Neither this court nor an individual judge in the state system could appoint counsel to represent an indigent in the federal court system... . This does not mean, however, that state-appointed counsel could not continue their representation and seek federal relief. Their professional responsibility may dictate this action... .
Id. at 1365.
In State ex rel. Smith v. Brummer, 426 So.2d 532 (Fla. 1982) (Brummer I), cert. denied, 464 U.S. 823, 104 S.Ct. 90, 78 L.Ed.2d 97 (1983), this Court considered the public defender's authority to bring a class action suit in federal court. Citing Graham v. State, we held that the public defender had no such authority. We commented *950 that the public defender could represent clients in federal court, stating:
This does not mean, however, that state-appointed counsel could not continue their representation and seek federal relief on an "individual" basis. A lawyer's professional responsibility may dictate this action... .
The state is constitutionally obliged to respect the professional independence of the public defenders whom it engages.
Brummer I, 426 So.2d at 533.
In State ex rel. Smith v. Brummer, 443 So.2d 957 (Fla. 1984) (Brummer II), a federal judge appointed the public defender to represent defendants in a federal habeas corpus proceeding based on the public defender's prior familiarity with the case in the state court system. The state contested the appointments on the grounds that the public defender lacked authority to represent the defendants. We held that the public defenders exceeded their statutory authority in accepting the appointment. We should emphasize that the public defender's role in Graham, Brummer I, and Brummer II, was predicated on protecting a defendant's liberty interest.
In this case, the public defenders recognize that their representation can properly be withdrawn at this stage of the proceeding. The public defenders continue to claim, however, a public defender can appropriately bring this type of civil rights action on behalf of his client. We disagree.
Florida's public defender's office was established in this state by statute and later by an express constitutional provision, to provide defendants the right of counsel guaranteed by the sixth amendment. Article V, section 18, of the Florida Constitution establishes the public defender as a constitutional official and states: "He shall perform duties prescribed by general law." Section 27.51, Florida Statutes (1985), sets forth the circumstances under which the public defender in Florida shall represent indigent defendants who face loss of liberty because they are: (a) under arrest for or charged with a felony; (b) under arrest for or charged with a misdemeanor; (c) children alleged to be delinquent; and (d) facing the prospect of involuntary hospitalization as a mentally ill or mentally retarded person. Each circumstance is directed toward an event that could result in incarceration, and the statute also authorizes the public defender to represent these indigent defendants in appeals.
This statutory authority permits representation by a public defender only in circumstances entailing prosecution by the state threatening an indigent's liberty interest. In the instant case, the federal civil rights action seeks compensatory and punitive damages  a property interest, not a liberty interest. We agree with the state; this proceeding has more in common with a tort claim that a suit for post-conviction relief. We conclude that the public defender had no authority to participate as counsel in this civil rights action.
The public defender concedes he should withdraw as counsel. Private counsel already represents the plaintiff in this cause; consequently, there is no prejudice by the immediate withdrawal of the public defender from this case. The petition for writ of quo warranto is granted, but no writ will be issued because of this Court's understanding that the public defender will withdraw immediately from the subject representation.
It is so ordered.
McDONALD, C.J., and ADKINS, BOYD, EHRLICH, SHAW and BARKETT, JJ., concur.