620 So.2d 188 (1993)
Alphonso GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 80520.
Supreme Court of Florida.
June 10, 1993.
Robert Fraser, Brandon, for appellant.
Robert A. Butterworth, Atty. Gen. and Robert J. Landry, Asst. Atty. Gen., Tampa, and Angela B. Wright, Asst. County Atty., Hillsborough County, Tampa, for appellee.
PER CURIAM.
Alphonso Green, who is under a sentence of death, appeals the trial court's denial of his court-appointed counsel's request to be appointed Green's appellate counsel at county expense for petitioning the United States Supreme Court for certiorari, after Green's conviction and death sentence were affirmed by this Court in Green v. State, 583 So.2d 647 (Fla. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 1191, 117 L.Ed.2d 432 (1992). We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
We reverse, finding that the trial court's ruling denies this death-penalty defendant equal protection under article I, section 2, of the Florida Constitution.
Green, an indigent defendant, was convicted of two counts of first-degree murder and was sentenced to death in the Circuit Court of the Thirteenth Judicial Circuit in Hillsborough County, Florida. The record reflects that, on appeal, Green was initially represented by the Public Defender of the Tenth Judicial Circuit.[1] Due to an excessive *189 caseload, the Tenth Circuit public defender withdrew and private counsel from Hillsborough County was appointed at Hillsborough County's expense. After this Court affirmed Green's convictions and sentence, court-appointed counsel filed a motion requesting to be appointed Green's appellate counsel and to incur costs for the purpose of filing a petition for certiorari to the United States Supreme Court. Hillsborough County objected and the trial judge denied the motion. Counsel sought relief from the trial court's denial in the Second District Court of Appeal, which transferred the cause to this court.
Even though the trial judge denied the motion and request for compensation, Green's court-appointed counsel timely filed a petition for certiorari in the United States Supreme Court, which denied the petition. Green v. Florida, ___ U.S. ___, 112 S.Ct. 1191, 117 L.Ed.2d 432 (1992). Although the United States Supreme Court's denial of Green's petition renders the issue moot, we choose to review the trial court's decision as the issue is likely to recur. See Holly v. Auld, 450 So.2d 217 (Fla. 1984).
At the hearing on the motion in question, Hillsborough County objected to being required to pay for Green's representation on the grounds that there is no constitutional right to counsel when seeking discretionary review to the United States Supreme Court, relying principally on Ross v. Moffitt, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). Green's court-appointed counsel presented the testimony of an assistant public defender for the Tenth Judicial Circuit, who testified that, to his knowledge, his office seeks certiorari review in the United States Supreme Court in every case in which the defendant is sentenced to death. The assistant public defender also expressed his belief that all offices of the public defender that handle capital appeals have the same policy.
Hillsborough County argues that, simply because Green is an indigent capital defendant who might have received discretionary representation from the Tenth Circuit Public Defender, the county is not obligated to pay for such representation. The county asserts that the court-appointed counsel, like the public defender, is motivated to represent the defendant out of an ethical obligation to provide effective assistance of counsel and that, although the public defender routinely provides such representation, this practice does not confer a substantive right on a capital defendant that requires the county to pay for such representation. The county argues that Green is not entitled to this type of discretionary representation and that Ross v. Moffitt controls.
Green asserts that denying his appointed appellate counsel the opportunity to petition the United States Supreme Court for certiorari, when other similarly situated defendants represented by the Tenth Circuit public defender's office would receive such counsel, violates the equal protection and access to the courts provisions of article I, sections 2 and 21, of the Florida Constitution. We find it significant that, in this case, the Tenth Circuit public defender moved to withdraw from representing Green "because of the excessive workload in the capital appeals division of the public defender's office." The Tenth Circuit public defender requested that the trial judge use his "broad discretion in evaluating the rights and responsibilities of all involved" and allow the public defender to withdraw as appellate counsel because his office was delinquent in filing the briefs in this case and could not timely represent Green. The trial judge granted the request and appointed private counsel to represent Green at Hillsborough County's expense.
In State ex rel. Smith v. Brummer, 426 So.2d 532 (Fla. 1982), cert. denied, 464 U.S. 823, 104 S.Ct. 90, 78 L.Ed.2d 97 (1983), we addressed the responsibility of public defenders in representing defendants in federal proceedings. While finding that the public defenders had no authority to file a civil class action in federal court as a tactical move on behalf of the defendants they represented, we stated:
This does not mean, however, that state-appointed counsel could not continue *190 their representation and seek federal relief on an "individual" basis. A lawyer's professional responsibility may dictate this action. It is, however, our view that a state court could not mandate this action.
The state is constitutionally obliged to respect the professional independence of the public defenders whom it engages.
Id. at 533.
The record reflects that the Tenth Circuit public defender's office has a policy of filing a petition for certiorari to the United States Supreme Court on behalf of each death penalty defendant it represents after a defendant's death sentence has been affirmed by the Supreme Court of Florida. To deny Green's appointed counsel's request for compensation for representing Green in this circumstance, where Green's counsel would have petitioned the United States Supreme Court had Green been represented by the public defender's office, injects a level of arbitrariness that undermines the equal protection of the laws and equal access to the courts guaranteed by article I, sections 2 and 21, of the Florida Constitution. See Graham v. State, 372 So.2d 1363 (Fla. 1979).
We conclude that, where a defendant is represented by court-appointed counsel and is sentenced to death, the court-appointed counsel must have the same professional independence to seek federal relief on an individual basis as the public defender whom court-appointed counsel replaces and must be compensated accordingly. To hold otherwise would deny Green the equal protection of the laws under the circumstances presented in this record. Accordingly, the trial court's order is reversed and this cause remanded with instructions that the trial court determine the appropriate compensation for appointed counsel's services in petitioning for certiorari in the United States Supreme Court on Green's behalf.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] The public defender's office for the Tenth Judicial Circuit is responsible for all indigent-defendant appeals in the geographic area of the Second District Court of Appeal. This includes the Sixth, Tenth, Twelfth, Thirteenth, and Twentieth Circuits. § 27.51(4)(b), Fla. Stat. (1991).