632 So.2d 1114 (1994)
Carson Merry BAILLIE, William I. Gulliford, Jr. and William R. Morris, Appellants,
v.
DEPARTMENT OF NATURAL RESOURCES, DIVISION OF BEACHES AND SHORES, State of Florida, Appellee.
No. 92-02900.
District Court of Appeal of Florida, First District.
March 7, 1994.
*1115 Robert P. Smith and Jonathan S. Fox of Hopping Boyd Green & Sams, Tallahassee, for appellants.
Kenneth J. Plante, Gen. Counsel, Dana M. Wiehle and Lanette M. Price, Asst. Gen. Counsel, Dept. of Environmental Protection, Tallahassee, for appellee.
Robert A. Butterworth, Atty. Gen., Michael A. Gross, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, for amicus curiae.
BENTON, Judge.
Brought under section 120.68, Florida Statutes, this appeal from a state agency's adoption of an administrative rule,[1] raises the question whether section 120.68(15), Florida Statutes, should be declared unconstitutional as a denial of access to the courts. We conclude that section 120.68(15), Florida Statutes, is fully consonant with the Constitution of Florida;[2] and give the statutory provision effect by dismissing the appeal.
Ever since its enactment, the Administrative Procedure Act of 1974, section 120.50 et seq., Florida Statutes, has afforded substantially *1116 affected persons the opportunity to put on evidence in administrative rule challenge proceedings, and so make a record which inevitably facilitates any subsequent judicial review of contentions that an administrative agency has overstepped lawful bounds in adopting a rule. Between January 1, 1975, the effective date of the modern Administrative Procedure Act, and July 1, 1992, the effective date of chapter 92-166, section 10, at 1679, Laws of Florida (1992), a substantially affected person could also obtain review[3] under section 120.68, Florida Statutes, of a rule's validity, on nothing more than the record made in rulemaking. E.g., General Telephone Co. of Florida v. Florida Public Service Comm'n, 446 So.2d 1063 (Fla. 1984).
Enacted by chapter 92-166, section 10, at 1679, Laws of Florida (1992), section 120.68(15), Florida Statutes (1993), now prohibits judicial scrutiny of an administrative rule to determine whether the rule constitutes an invalid exercise of delegated legislative authority
except to review an order entered pursuant to a proceeding under s. 120.54(4) or s. 120.56, unless the sole issue presented by the petition [for review] is the constitutionality of a rule and there are no disputed issues of fact.
Proceedings under sections 120.54(4) and 120.56 are administrative rule challenges, initiated by filing petitions seeking determinations of invalidity with the Division of Administrative Hearings. No petition to invalidate administratively the rule sought to be undone here has ever been filed.[4]
If a petition to invalidate a rule filed with the Division of Administrative Hearings complies with statutory requirements, a hearing officer presides in proceedings which typically run their course in approximately seventy days, sections 120.54(4)(c) and 120.56(2) and (3), Florida Statutes (1993), and culminate in a final order, sections 120.54(4)(d) and 120.56(5), Florida Statutes (1993), fully reviewable in an appropriate district court of appeal.
Ordinarily rule challenge proceedings include a hearing "conducted in the same manner as provided in s. 120.57," sections 120.54(4)(d) and 120.56(5), Florida Statutes (1993), a hearing that resembles a non-jury trial. Grounds for administrative rule challenges, which include failure "to follow the applicable rulemaking procedures," are set out in section 120.52(8), Florida Statutes (1993). Parties challenging administrative rules and agencies defending their rules against challenge have the opportunity to adduce evidence in support of their respective positions.
Such evidence can illuminate issues for the hearing officer, in the first instance; and a reviewing court also has the benefit of the hearing officer's fact findings, which may prove indispensable when, as here, evidence is in conflict. "The legislature recognizes the importance of providing the courts with a trial-type record that facilitates review of rules." D. Nam, 1992 Amendments to the Florida Administrative Procedure Act, Fla. Bar J. 55, 57 (July/August 1992).[5]
*1117 In the present case, the parties' briefs devote page after page to an array of disputed issues of fact. The constitutionality of Florida Administrative Code Rule 16B-26.004 is by no means "the sole issue presented." Those attacking the rule also urge the unconstitutionality of section 161.053, Florida Statutes, claim that the coastal construction control line has been set "where there is no actual `beach-dune system' in fact," and complain that the line was drawn without regard for the effect a "seawall and revetment ... [would have on] the landward wave-reach and erosive effects of the hypothetical 100-year storm."
On the basis merely of a rulemaking record,[6] we are asked to decide questions this court has characterized as "technical matters requiring substantial expertise." Island Harbor Beach Club, Ltd. v. Department of Natural Resources, 495 So.2d 209, 223 (Fla. 1st DCA 1986) (affirming hearing officer's order upholding Charlotte County coastal construction control line). See also St. Joseph Land & Dev. Co. v. Department of Natural Resources, 596 So.2d 137 (Fla. 1st DCA 1992) (affirming hearing officer's order upholding Gulf County coastal construction control line). When the Island Harbor court dealt with the "complexity of the scientific and technical issues in th[at] case," 495 So.2d at 223, it had the benefit of the hearing officer's findings and of a record[7] that had been made in a six-day section 120.54(4) rule challenge hearing, "17 volumes of pleadings and transcripts and two large boxes of exhibits." 495 So.2d at 212 n. 4. Nothing comparable is before the court in the present case.
In light of the unambiguous language of section 120.68(15), Florida Statutes (1993), and its clear purpose, we decline to construe the provision to allow review proceedings like those that have been initiated here. We must, therefore, address the contention that section 120.68(15), Florida Statutes (1993), runs afoul of article I, section 21 of the Florida Constitution, which provides:
The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay.
Appellants do not contend that the statute is a denial of "equal access to the courts guaranteed by article I, sections 2 and 21, of the Florida Constitution." Green v. State, 620 So.2d 188, 190 (Fla. 1993) (emphasis supplied).
*1118 The contention that an administrative rule challenge hearing is an impermissible barrier to judicial review in cases of this kind was rejected in St. Joe Paper Co. v. Florida Dep't of Natural Resources, 536 So.2d 1119 (Fla. 1st DCA 1988), where the court addressed the precise question. In the St. Joe Paper Co. case, a party seeking to challenge a coastal construction control line in court was required to proceed administratively instead. Judicial review came only after entry of a final order in a section 120.56 proceeding. St. Joseph Land & Dev. Co. v. Florida Dep't of Natural Resources, 596 So.2d 137 (Fla. 1st DCA 1992).
The commonsense requirement to put on evidence in a trial forum as a prerequisite to appellate judicial consideration clearly presents no constitutional problem. Nor is it a denial of access to the courts that, in cases of this kind, the trial forum antecedent to judicial review is "quasi-judicial," within the meaning of article V, section 1 of the Florida Constitution. Department of Agric. and Consumer Services v. Bonanno, 568 So.2d 24 (Fla. 1990); Scholastic Sys., Inc. v. LeLoup, 307 So.2d 166 (Fla. 1974); St. Joe Paper Co. v. Florida Dep't of Natural Resources, 536 So.2d 1119 (Fla. 1st DCA 1988). See University of Miami v. Echarte, 618 So.2d 189 (Fla. 1993).
In Kluger v. White, 281 So.2d 1 (Fla. 1973), the Supreme Court enunciated what remains the definitive gloss on article I, section 21 of the 1968 Constitution:
We hold, therefore, that where a right of access to the courts for redress for a particular injury has been provided by statutory law predating the adoption of the Declaration of Rights of the Constitution of the State of Florida, or where such right has become a part of the common law of the State pursuant to Fla. Stat. s 2.01, F.S.A., the Legislature is without power to abolish such a right without providing a reasonable alternative to protect the rights of the people of the State to redress for injuries, unless the Legislature can show an overpowering public necessity for the abolishment of such right, and no alternative method of meeting such public necessity can be shown.
Although article I, section 21 of the 1968 Constitution[8] merely "edited article I, section 4 of the 1885 constitution," Little & Lohr, Textual History of the Florida Declaration of Rights, 22 Stetson L.Rev. 549, 634 (1993), the Kluger decision looked to what "was recognized by statute prior to the adoption of the 1968 Constitution of the State of Florida." 281 So.2d at 4.
Section 2.01, Florida Statutes, declares certain "common and statute laws of England ... down to the 4th day of July, 1776 ... to be of force in this state." As far as we are able to discover, no statute recognized a right to direct appellate judicial review of the promulgation of an administrative rule by any executive branch agency of Florida government[9] at any time before the Administrative Procedure Act of 1974, which, of course, postdated not only the Constitution of 1885, but also the Constitution of 1968. We feel *1119 certain the law of England during the eighteenth century and before did not address the question.
Appellants' contentions do not, in any event, implicate "the principle underlying Florida's access to courts provision: that absent compelling, countervailing public policies, wrongs must have remedies." Casa Clara Condominium Assoc., Inc. v. Charley Toppino and Sons, Inc., 620 So.2d 1244, 1248 (Fla. 1993) (Barkett, J., concurring and dissenting). The requirement that appellants pursue an administrative remedy[10] that can be fully efficacious and more expeditious, before resort to the courts, in no way diminishes judicial authority to remedy any wrong. With a fully developed record, a reviewing court is in a better position to afford all appropriate relief.
The appeal is dismissed.
ERVIN and BARFIELD, JJ., concur.
NOTES
[1] The subject of this proceeding, Florida Administrative Code Rule 16B-26.004, relocates the Duval County coastal construction control line. The Governor and Cabinet voted to adopt Florida Administrative Code Rule 16B-26.004 on July 21, 1992, and the rule was filed with the Secretary of State on July 23, 1992.
[2] Article V, section 4(b)(2) of the 1968 Constitution of Florida provides: "District courts of appeal shall have the power of direct review of administrative action, as prescribed by general law." There is no contention that section 120.68(15), Florida Statutes, runs afoul of the federal constitution.
[3] "[A]dministrative appeals (also referred to as petitions for review)," Hines v. Lykes Pasco Packing, 374 So.2d 1132 (Fla. 2d DCA 1979) are authorized by section 120.68, Florida Statutes (1993), which provides, in conformity with article V, section 2 of the Florida Constitution: "Review proceedings shall be conducted in accordance with the Florida Rules of Appellate Procedure." § 120.68(2), Fla. Stat. (1993).

The statute contemplates that "all proceedings for review shall be instituted by filing a petition," section 120.68(2), Florida Statutes (1993), in the reviewing court. Only if the petition for review is addressed to non-final administrative action, however, is the jurisdiction of the reviewing court "invoked by filing a petition ... with the clerk of the court." Fla.R.App.P. 9.100(b). In appeals of final administrative action, controlling appellate rules require the filing of a notice of administrative appeal, Fla.R.App.P. 9.900(e), with the agency, and specify that "the appellant shall ... file the second copy of the notice with the court." Fla.R.App.P. 9.110(c).
[4] Chapter 85-55, section 33, at 242-7, Laws of Florida (1985), eliminated the possibility of preadoption administrative challenges to proposed construction control lines. But section 120.56, Florida Statutes, provides an adequate administrative remedy, St. Joe Paper Co. v. Florida Dep't of Natural Resources, 536 So.2d 1119, 1125 (Fla. 1st DCA 1988), that has not been exhausted as to Florida Administrative Code Rule 16B-26.004.
[5] Discussing the committee substitute for Senate Bill 1354, which became chapter 92-166, Laws of Florida, the same author wrote:

Trial-type proceedings produce a formal record which can facilitate judicial review by providing an opportunity for issues to be fully developed and framed for the court. Direct appeals from legislative-type rulemaking proceedings require a reviewing court to consider an informal record. Judicial review may be more difficult when a court must construe an informal legislative-type record for review.
Id.
[6] Obiter dicta in Adam Smith Enterprises, Inc. v. State Dep't of Environmental Regulation, 553 So.2d 1260 (Fla. 1st DCA 1989) (reh. den.), explain:

[Rulemaking p]roceedings conducted pursuant to Section 120.54(3)(a) are not the same type of proceedings as are provided under Section 120.57.... Section 120.54(3) rulemaking proceedings are information-gathering proceedings, much like legislative committee proceedings where testimony is heard, which proceedings are relatively informal.... Such proceedings are designed to inform an agency to its fullest, and are not intended to adjudicate any issues or to be conducted in an adversarial manner... .
.....
The standard of review to be applied by the appellate court when there is this kind of informal administrative record arising from an agency's informal rulemaking proceeding has never been clearly articulated in the case law and has been the source of much confusion.
553 So.2d at 1270. The Adam Smith case came to the court for review of a hearing officer's final order in a rule challenge case, not directly from the rulemaking agency.
Not every rule's adoption is preceded by a section 120.54(3) hearing. A rulemaking record may lack pertinent information as well as contain information of dubious reliability.
[7] Despite the availability of the record from the section 120.54(4) rule challenge hearing and extensive fact finding in the hearing officer's final order, the Island Harbor court found it necessary to remand for supplemental fact finding. Island Harbor Beach Club, Ltd. v. Department of Natural Resources, 476 So.2d 1350 (Fla. 1st DCA 1985).
[8] The 1968 Constitution "condense[d] the phrase, `any injury done to him in his lands, goods, person or reputation,' to `redress of any injury.'" Little & Lohr, Textual History of the Florida Declaration of Rights, 22 Stetson L.Rev. 549, 634 (1993).

In historical and textual context, the provision seems primarily intended to preserve private causes of action. It does not purport to waive sovereign immunity or otherwise specifically address governmental action.
The access to courts provision originally appeared as article I, section 9 of the 1838 Constitution of Florida, and it remained in the 1861 and 1865 Constitutions. Although it was omitted from the Florida Constitution of 1868, it reappeared as article I, section 4 of the 1885 Constitution of Florida.
The treatment afforded the right to jury trial, also originally guaranteed in the 1838 Constitution (which took effect with admission to statehood in 1845), argues in favor of 1885 (at the latest) as the pertinent time in analyzing access to court claims. See Department of Agric. and Consumer Services v. Bonanno, 568 So.2d 24, 28 (Fla. 1990); In re Forfeiture of 1978 Chevrolet Van, 493 So.2d 433, 435 (Fla. 1986).
[9] Chapter 61-280, section 1, at 538, et seq., Laws of Florida (1961), created section 120.31, Florida Statutes (1961), which provided that "the final orders of an agency ... shall be reviewable by certiorari by the district courts of appeal," at 545, but the same enactment created section 120.21(3), Florida Statutes (1961), which defined "order" as "the final decision ... of any agency in any matter other than rulemaking... ." At 542. (Emphasis supplied.)
[10] Appellants are free to pursue their attack on Florida Administrative Code Rule 16B-26.004 by initiating a rule challenge under section 120.56, Florida Statutes (1993); or, in individual cases, pursuing the remedies provided by section 161.053(2), Florida Statutes (1993), which provides:

"Any riparian upland owner who feels that such line as established is unduly restrictive or prevents a legitimate use of his property shall be granted a review of the line upon written request."