The Honorable Julianne M. Holt Public Defender Thirteenth Judicial Circuit 801 East Twiggs Street Tampa, Florida 33602-3548
Dear Ms. Holt:
You ask substantially the following question:
Does section 27.51, Florida Statutes, authorize a public defender to represent an indigent person for the purpose of a Motion to Expunge or Seal the indigent's criminal history records?
In sum:
Section 27.51, Florida Statutes, does not authorize a public defender to represent an indigent person for the purpose of a Motion to Expunge or Seal the indigent's criminal records, regardless of whether the public defender may have previously been appointed to represent the individual.
The Office of the Public Defender, established by state law and the Florida Constitution, was created by the state in order to meet its responsibilities to provide the assistance of counsel guaranteed by the Sixth Amendment.[1] In providing for the establishment of the public defender's office, Article V, section18, Florida Constitution, states that the public defender "shall perform duties prescribed by general law."
Section 27.51, Florida Statutes, enumerates the functions of the public defender's office and sets forth in subsection (1) that the public defender shall represent any person who is determined to be indigent as provided in section 27.52, Florida Statutes, and who is:
(a) Under arrest for, or is charged with, a felony; (b) Under arrest for, or is charged with, a misdemeanor, a violation of chapter 316 which is punishable by imprisonment, or a violation of a municipal or county ordinance in the county court, unless the court, prior to trial, files in the cause a statement in writing that the defendant will not be imprisoned if he is convicted; (c) Alleged to be a delinquent child pursuant to a petition filed before a circuit court; or (d) Sought by petition filed in such court to be involuntarily placed as a mentally ill person or involuntarily admitted to residential services as a person with developmental disabilities.
As the Supreme Court of Florida recognized in State ex rel. Smith v. Jorandby,[2] each of the circumstances set forth in section27.51(1), Florida Statutes, is directed toward an event that could result in incarceration, although the statute also permits representation in appeals. Thus, the statute permits representation by a public defender only in circumstances in which prosecution by the state threatens an indigent's liberty interest.[3] Thus, the Court in Jorandby concluded that a public defender's office was precluded from representing the personal representative of a deceased inmate's estate in a civil rights action seeking money damages from the state.
Where a statute enumerates the things on which it is to operate, it is ordinarily construed as excluding from its operation all those not expressly mentioned.[4] Thus, when the controlling law directs how a thing shall be done it is, in effect, a prohibition against its being done any other way.[5] Nowhere in section 27.51, Florida Statutes, does the statute require or authorize the public defender's office to represent indigent persons in the type of proceeding you ask about, regardless of whether the public defender's office may have been previously appointed to represent the indigent.
In the instant case, the Motion to Expunge or Seal Criminal Records is not a circumstance in which the indigent's liberty interests are at stake but rather appears to be a separate civil proceeding.[6] While a grant of statutory powers expressly conferred carries with it all consistent powers that are necessary to effectively execute the powers so conferred,[7] the civil proceeding of expunging or sealing criminal records does not appear to be a consistent power that is necessary for the execution of the public defender's enumerated duties.
Accordingly, I am of the opinion that section 27.51, Florida Statutes, does not authorize or require a public defender to represent an indigent person for the purpose of a Motion to Expunge or Seal a criminal record, regardless of whether such public defender had been previously appointed to represent the indigent person.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, 14th Amend., U.S. Const., making the guarantees of theSixth Amendment applicable to the states. See also, State ex rel. Brummer, 443 So.2d 957, 959 (Fla. 1984).
[2] 498 So.2d 948 (Fla. 1986).
[3] Id. at 950.
[4] See, e.g., Thayer v. State, 335 So.2d 815, 817 (Fla. 1976); Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); Ideal Farms Drainage District v. Certain Lands, 19 So.2d 234 (Fla. 1944).
[5] Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944); White v. Crandon, 156 So. 303 (Fla. 1934) (authority of public officer to act in a particular way or only upon specific conditions implies a duty not to proceed in any manner than that authorized by law).
[6] See, Fla.R.Crim.P. 3.850, which provides for postconviction relief and relates to instances in which a prisoner in custody under sentence of a Florida court claims the right to be released on the grounds that the judgment was entered or sentence was imposed in violation of the Constitution or laws of the United States or of the State of Florida, that the court was without jurisdiction to enter the judgment or impose the sentence, that the sentence was in excess of the maximum authorized by law, that the plea was given involuntarily, or that the judgment or sentence is otherwise subject to collateral attack. A Motion to Seal or Expunge Criminal Records would not fall within the above rule.
[7] Edwards v. Lindsley, 349 So.2d 817 (Fla. 1st DCA 1977). See also, Molwin Investment Company v. Turner, 167 So. 33 (Fla. 1936) (an express power duly conferred may include implied authority to use means necessary to make the express power effective but such implied authority may not warrant the exercise of a substantive power not conferred).