NORTHCUTT, Judge.
The circuit court dismissed without prejudice two counterclaims filed by Dale Edward Sjuts in response to the State’s petition to involuntarily commit him pursuant to the Jimmy Ryce Act.[1] We affirm the dismissals, but not for the reason advanced by the circuit court.
Sjuts was imprisoned for sexually violent offenses. As he neared the end of his prison term, the State Attorney for the Tenth Judicial Circuit filed a Ryce Act petition alleging that Sjuts was a sexually violent predator who must be committed for long-term control, care and treatment. Pursuant to section 394.915 of the Act, the circuit court determined there was probable cause to believe Sjuts was a sexually violent predator. It ordered that upon the completion of his prison sentence he was to be detained in a secure facility pending trial in the Ryce Act proceeding.
Sjuts’s public defender filed an answer to the petition, along with an affirmative defense and four counterclaims. Sjuts denied that he was a sexually violent predator, and he claimed that Dr. Alan J. Wald-man, a psychiatrist under state contract, had coerced him into submitting to a mental health examination which later supplied some of the allegations in the State’s petition. Counterclaim I characterized the examination as an unlawful search, and asserted a civil rights claim under 42 U.S.C. § 1983 against Dr. Waldman and the State. It demanded compensatory and punitive damages from Dr. Waldman, attorney’s fees, and an injunction against the State’s use of the examination. Sjuts’s second counterclaim, also a § 1983 action against Dr. Waldman and the State, complained of his detention after he completed his prison sentence. He charged that he had been unlawfully deprived of his liberty as a result of information obtained in the coerced examination. This counterclaim sought the same relief demanded in the first one.[2]
On motions by the State and by the Attorney General on Dr. Waldman’s behalf, the circuit court dismissed the two counterclaims. It reasoned that Sjuts’s public defender had no authority to file these civil actions on his behalf. This appeal ensued.
The circuit court correctly concluded that the public defender exceeded his statutory authority when filing the counterclaims, which did not entail a defense against State action that threatened Sjuts’s liberty interest. Rather, these claims sought monetary damages for the alleged deprivation of Sjuts’s rights to be free of unlawful searches and detentions, and injunctive vindications of those rights.[3] *785 See § 27.51(1), Fla. Stat. (1997); State v. Jorandby, 498 So.2d 948 (Fla.1986). However, we find no basis for dismissing a party’s claims on the ground that his counsel is disqualified from pursuing them. Certainly, the party may represent himself or obtain other counsel for purposes of the counterclaims. See, e.g., Jorandby, 498 So.2d 948. If need be, the circuit court may sever the counterclaims to ensure that the litigation proceeds in an orderly fashion. See Fla. R. Civ. P. 1.270(b).
Still, Sjuts’s counterclaims were subject to dismissal for other reasons. First, the State was not a proper defendant in a § 1988 suit. That statute provides a cause of action against every “person” who under color of state law subjects the plaintiff to a deprivation of his or her civil rights. It is long-settled that a state is not a “person” for purposes of the statute. See Will v. Michigan Department of State Police, 491 U.S. 58, 64, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).
Further, the claims against Dr. Waldman were not proper counterclaims because he was not an opposing party in the underlying litigation. See Fla. R. Civ. P. 1.170. Nor could these counterclaims be characterized as third party actions. Sjuts did not contend that Dr. Waldman owed any part of Sjuts’s “liability” to the State. Nor did Dr. Waldman’s alleged impropriety “arise out of the transaction or occurrence that [was] the subject matter” of the State’s petition, i.e., Sjuts’s alleged criminal history and his supposed mental or personality afflictions that together would qualify him as a sexually violent predator under section 394.912(10) of the Act. See Fla. R. Civ. P. 1.180; Rupp v. Philpot, 619 So.2d 1047, 1048 (Fla. 5th DCA 1993); VTN Consol., Inc. v. Coastal Engineering Associates, Inc., 341 So.2d 226 (Fla. 2d DCA 1976).
Affirmed.
CAMPBELL, A.C.J., and THREADGILL, J., Concur.

. §§ 916.31 — .49, Fla. Stat. (Supp.1998), amended and transferred by Ch. 99-222, Laws of Fla. (1999), to §§ 394.910 — .931, Fla. Stat. (1999).

. Counterclaims III and IV, brought solely against the State, seek declaratory and injunc-tive relief and allege the unconstitutionality of the Sexually Violent Predators Act. They are not at issue in this appeal.

. Notably, the second counterclaim, which was premised on Sjuts’s claim that he had been unlawfully deprived of his liberty as a *785 result of the coerced examination, sought to enjoin its use by the State. It did not venture to enjoin the State's continued detention of him, akin to a petition for writ of habeas corpus. The public defender is authorized to represent petitioners for writs of habeas corpus. See Bentzel v. State, 585 So.2d 1118 (Fla. 1st DCA 1991).